Arbogast & Bastian, Inc., Petitioner *v.* Workmen's Compensation Appeal Board (Bauer), Respondents.

Submitted on briefs June 6, 1983, to President Judge CRUMLISH, JR. and Judges DOYLE and BARBIERI, sitting as a panel of three.

*Charles W. Elliott*, with him *John P. Thomas, Thomas & Hair*, for petitioner.

*Wilbur C. Creveling, Jr.*, for respondents.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., January 5, 1984:

Arbogast & Bastian, Inc., appeals a Workmen's Compensation Appeal Board's affirmance of a referee's decision awarding compensation to Charles Bauer. We reverse in part and remand.

On March 2, 1978, Bauer mailed a notarized claim petition to the Bureau of Workers' Compensation, in which he asserted that he had sustained a work-related back injury. It was received by the Bureau on March 6, 1978, and was circulated to the parties by notice dated March 10, 1978.

The referee, on remand,[1] found that Bauer had suffered a compensable injury. The referee also determined that the date of notice of the injury to Arbogast was March 2, 1978—the date of notarization or filing[2]—and that benefits were due from that date. The Board affirmed.

Arbogast contends that the referee relied on legally insufficient testimony in finding that Bauer suffered an injury[3] arising in the course of his employ-

---

[1] The referee had originally denied compensation, determining that Bauer failed to prove by sufficient competent evidence that he had suffered a disabling compensable injury. The Board reversed and remanded to the referee for determination of whether Bauer suffered an injury in the nature of an aggravation to a pre-existing condition.

Arbogast contends that the Board's initial reversal was in error because the findings of the referee were supported by the record and should not have been deleted by the Board. The initial findings of the referee, however, did not clearly address the issue of aggravation; hence, the remand order by the Board was proper. See Borovich v. Colt Industries, 492 Pa. 372, 424 A.2d 1237 (1981).

[2] The referee referred to the March 2, 1978 mailing date as the date of filing even though the petition was not actually received and stamped by the Bureau until March 6, 1978.

[3] The injury was determined to be in the nature of a herniation of the L3-L4 disc, or an aggravation of a pre-existing herniation of the L3-L4 disc, on November 14, 1977.

ment. Arbogast argues that the referee's finding of pre-existing pain in Bauer's right leg contradicts Bauer's medical witness' testimony respecting whether the injury was work-related. We disagree. Bauer's medical witness readily acknowledged Bauer's history of back pain, including a pain in his right leg, and opined that the condition was unequivocally aggravated by the work-related injury.[4]

Arbogast also argues that, if the award to Bauer is upheld, it is entitled to credit against the award for the health insurance disability payments Bauer received through a program provided by Arbogast. We disagree, because the benefits were terminated upon the filing of his claim petition. As we stated in *Steinle v. Workmen's Compensation Appeal Board*, 38 Pa. Commonwealth Ct. 241, 245, 393 A.2d 503, 505-06 (1978):

> [W]hen an employee is totally disabled and the employer, while denying any liability for workmen's compensation, nevertheless pays the employee regular stated amounts . . . out of sick or accident benefits or relief funds contributed by it, not as wages or salary for work performed, but in relief of the employee's incapacity to labor, on its being determined that the employee is entitled to workmen's compensation, the amount paid by the employer discharges its liability for compensation *for the*

---

[4] Section 301(c)(1) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411(1), provides in part:

The terms "injury" and "personal injury," as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto, and such disease or infection as naturally results from the injury or is aggravated, reactivated or accelerated by the injury. . . .

*weeks in which its payments to him equalled or exceeded the compensation payable.* (Emphasis partially deleted; emphasis added) (quoting Creighton v. Continental Roll & Steel Foundry Co., 155 Pa. Superior Ct. 165, 173, 38 A.2d 337, 341 (1944).)

Thus, since the weeks in which the health insurance disability benefits were paid do not coincide with any of the weeks in which workmen's compensation benefits are due under our decision herein, Arbogast is not entitled to any credit.[5]

Lastly, Arbogast contends that the mere filing of the claim petition was insufficient notice of the injury under Section 311 of the Act, 77 P.S. §631.[6] We agree.[7] The referee erred as a matter of law in finding the filing date as the time of notice. *Lanzarotta v. Workmen's Compensation Appeal Board,* 42 Pa. Commonwealth Ct. 284, 288, 400 A.2d 697, 700 (1979). Section

---

[5] In *Peoples Natural Gas Co. v. Workmen's Compensation Appeal Board,* 65 Pa. Commonwealth Ct. 119, 441 A.2d 1364 (1982), we rejected a similar argument. There, the employer argued that it was entitled to credit toward future installments for the excess it had paid as sickness benefits over and above that ultimately awarded as workmen's compensation benefits.

[6] Section 311 of the Act, 77 P.S. §631, provides in part:

Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe or someone in his behalf . . . shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed.

[7] Arbogast also contends that the date of actual notice under the Act should be the date Arbogast received the Bureau's letter. Arbogast asserts that it did not receive the letter until after March 14, 1978, which was subsequent to the expiration of the 120-day notice. Having determined that, as a matter of law, the date of notice is the date when mailed, we reject this argument as being without merit.

406 of the Act, 77 P.S. §717, states that "notices and copies to parties shall be deemed served on the date when mailed." The proper date of notice, therefore, was March 10, 1978—the date the claim petition was circulated to the parties. Hence, it is necessary to remand this case for recomputation of benefits utilizing the March 10, 1978 notice date.

Reversed in part and remanded.

### Order

The order of the Workmen's Compensation Appeal Board, No. A-81391 dated May 13, 1982, is reversed in part and remanded for recomputation of benefits utilizing March 10, 1978 as the date of notice of the injury to Arbogast & Bastian, Inc. Jurisdiction relinquished.