Melvin KEITH, Petitioner,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (THE BUDD COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Oct. 28, 1994.
Decided Jan. 19, 1995.
Reargument Denied March 20, 1995.

F. Barbara Danien, for petitioner.

Clifford A. Goldstein, for respondent.

Before McGINLEY and NEWMAN, JJ., and LORD, Senior Judge.

NEWMAN, Judge.

Melvin Keith (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board), which affirmed a referee's decision denying him specific loss benefits under Section 306(c)(8) of The Pennsylvania Workers' Compensation Act (Act).[1] We reverse and remand.

Claimant worked for The Budd Company (Employer) for approximately thirty-five years. During the course of that employment, Claimant was frequently exposed to loud noise.

On February 2, 1990, Claimant filed a claim petition, alleging that he has suffered a complete loss of hearing as the result of occupational noise exposure. Employer filed an answer, denying the material allegations of Claimant's petition. In its answer, Employer also asserted that Claimant's petition was barred by the applicable statute of limitations.

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 513(8).

The referee subsequently held hearings at which Claimant testified as follows. He first recognized a hearing loss as early as the 1970's. During that time, Claimant lost a union election, which he attributed to his hearing difficulties, and he also considered taking a medical leave of absence. By November 1986, Claimant was unable to hear his minister in church, he had trouble talking on the telephone, he could not hear the television without turning up the volume and he was unable to perform his job duties without assistance. Claimant, during his thirty-five year employment, notified Employer on many occasions of his hearing loss and his belief that the loss was related to occupational noise exposure. In November 1986, Claimant informed Employer that he had decided to retire, and on February 28, 1987, he resigned.

In support of his petition, Claimant also presented the deposition testimony of William W. Banks, M.D. and Max Lee Ronis, M.D. According to Dr. Banks, who examined Claimant for the first time on February 12, 1990 and again on February 8, 1991, Claimant suffers a symmetrical, bilateral, sensorineural hearing loss. Dr. Banks also testified that Claimant's hearing loss is a result of his exposure to loud noise during his employment and that he has lost the use of his hearing for all practical intents and purposes. Dr. Ronis, who examined Claimant on March 28, 1991, agreed with Dr. Banks regarding the cause and degree of Claimant's hearing loss.

Employer, in opposition presented the deposition testimony of Seth I. Rosenberg, M.D. It was Dr. Rosenberg's opinion that although Claimant has some hearing loss, he has not lost his hearing for all practical intents and purposes.

Upon consideration of the evidence presented, the referee found that by November 1986, Claimant was aware, as a practical matter, that he had suffered a substantial loss of hearing. The referee further found the testimony of Claimant's physicians to be more credible and persuasive than that of Employer's medical expert. Based upon the testimony of Claimant's experts, the referee found that Claimant suffered a complete loss of hearing for all practical intents and purposes and that the hearing loss was the result of occupational noise exposure. The referee also found, based upon Dr. Ronis' testimony, that Claimant's complete loss of hearing was not a recent occurrence, but began at least as far back as 1986.

Therefore, the referee concluded that although Claimant had suffered a complete, work-related hearing loss, his claim was barred by the statute of limitations. Specifically, the referee indicated that Claimant did not file his petition until more than three years after he became aware that he had lost the use of his hearing for all practical intents and purposes. Accordingly, the referee dismissed Claimant's petition.

Claimant appealed to the Board, and the Board affirmed the referee's decision. This appeal followed.

■ On appeal to this court, the sole issue before us is whether the referee erred in holding that Claimant's claim petition was time-barred by the three-year statute of limitations set forth in Section 315 of the Act, 77 P.S. § 602.[2]

■ The law is clear that Section 315 of the Act extinguishes a claimant's right to compensation unless he files a claim within three years from the date of injury. *Berisford v. Workmen's Compensation Appeal Board (Jessop Steel Co.)*, 142 Pa.Commonwealth Ct. 83, 596 A.2d 1237 (1991). Although Section 315 has a discovery rule,[3] this

---

2. Our standard of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 132 Pa.Commonwealth Ct. 277, 572 A.2d 838 (1990), *aff'd*, 531 Pa. 287, 612 A.2d 434 (1992).

3. The discovery rule of Section 315 provides as follows:

However, in cases of injury resulting from ionizing radiation in which the nature of the injury or its relationship to the employment is not known to the employe, the time for filing a claim shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the

court has interpreted it to apply only to injuries resulting from ionizing radiation or occupational diseases. *See Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board (Feiertag)*, 90 Pa.Commonwealth Ct. 567, 496 A.2d 412 (1985). Therefore, for purposes of determining whether a claim for hearing loss, which results neither from ionizing radiation nor an occupational disease, is time-barred under Section 315, the three-year limitations period begins to run from the date of injury despite the claimant's actual or constructive knowledge of the injury. *Boeing Helicopter Co. v. Workmen's Compensation Appeal Board (McCanney)*, 157 Pa.Commonwealth Ct. 76, 629 A.2d 184 (1993), *petition for allowance of appeal dismissed*, —— Pa. ——, 652 A.2d 796 (1994).

■ It is Claimant's position on appeal that because he did not know the nature, degree or etiology of his hearing loss until February 12, 1990, when Dr. Banks examined him, the three-year statute of limitations does not bar his claim petition filed on February 2, 1990. In support of his position, Claimant correctly states that this court has consistently held that the deciding factor in determining the date of injury for purposes of Section 315 is when a claimant's doctor advises him that he has suffered a complete loss of hearing for all practical intents and purposes and that the loss is work-related. *See e.g., Westinghouse Electric Corp. v. Workmen's Compensation Appeal Board (Peterson)*, 164 Pa.Commonwealth Ct. 32, 641 A.2d 1277 (1994); *B.P. Oil Co. v. Workmen's Compensation Appeal Board (DeFrank)*, 158 Pa.Commonwealth Ct. 8, 632 A.2d 585 (1993); *Boeing Helicopter; Universal Cyclops Corp. v. Workmen's Compensation Appeal Board (Cherry)*, 97 Pa.Commonwealth Ct. 399, 509 A.2d 956 (1986). *But see Hermanson v. Workmen's Compensation Appeal Board*

*(Kaiser Aluminum)*, 156 Pa.Commonwealth Ct. 556, 628 A.2d 514, *petition for allowance of appeal denied*, 536 Pa. 633, 637 A.2d 293 (1993) (wherein this court rejected a claimant's contention that he was not aware of the significance of his hearing loss until he was so advised by his doctor).

Relying upon Claimant's testimony, the referee in the present action found that by November 1986, Claimant was aware that he had suffered a substantial loss of hearing. However, our review of the record reveals that Claimant's testimony merely demonstrates that he had suspicion or reason to believe he had suffered a complete, work-related hearing loss.[4] As stated by this court in *Boeing Helicopter*, "[m]ere knowledge or suspicion of a significant hearing loss and a possible causal relationship with employment ... is not sufficient evidence of a compensable hearing loss." 157 Pa.Commonwealth Ct. at 85, 629 A.2d at 189. Therefore, although Claimant may have suspected that his hearing loss was work-related, and he admitted to having hearing difficulties in November of 1986, the record indicates that Claimant did not know with certainty the true nature, extent or cause of his loss until he was examined by Dr. Banks. To expect a lay person, such as a workers' compensation claimant, to possess the same level of medical knowledge as a physician would be not only unreasonable but extremely unfair. Moreover, a claimant may not know the magnitude of his or her hearing loss or its cause due to its insidious and slowly progressive nature.

■ Therefore, we conclude that the date of Claimant's injury for purposes of Section 315 was February 12, 1990, the date on which Dr. Banks informed him of the nature, degree and etiology of his hearing loss. Be-

---

injury and its possible relationship to his employment. 77 P.S. § 602.

4. On cross-examination, defense counsel questioned Claimant as follows:

Q So, even before you went to see [your] doctors, you knew you had a hearing loss that was pretty bad, that was worth getting Workmen's Compensation for. Is that right?

A *I don't think I thought about it in that since [sic]. I knew that I had a hearing loss, and somebody was responsible for it.*

. . . . .

Q ... You knew in your heart, that the noise at the Budd Company had done this to you. Right?

A *Possibly so.*

Notes of Testimony, September 10, 1990, at 50 (emphasis added).

cause Claimant's February 2, 1990 claim petition was filed before that date,[5] we also hold that the petition was not time-barred.

Accordingly, we reverse the order of the Board and remand this matter to the Board with instructions to remand to the referee for the computation of Claimant's specific loss benefits.

### ORDER

AND NOW, January 19, 1995, we reverse the order of the Workmen's Compensation Appeal Board, dated April 29, 1994, and remand this matter to the Board with instructions to remand to the referee for computation of specific loss benefits of the claimant, Melvin Keith.

We relinquish jurisdiction.

---

5. The fact that Claimant did not seek the advice of Dr. Banks until after he had filed his petition is not fatal to his claim. In *B.P. Oil Co.*, this court rejected an employer's argument that a claimant's action in filing a petition two weeks before his doctor's diagnosis was inconsistent with a conclusion that, under Section 315 of the Act, the claimant only knew of his injury on the date that his doctor diagnosed him.