**Emil SOCHA, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (BELL ATLANTIC PA), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 23, 1998.

Decided March 8, 1999.

---

Daniel K. Bricmont, Pittsburgh, for petitioner.

Thomas A. Schumaker, Pittsburgh, for respondent.

Before FRIEDMAN, J., KELLEY, J., and JIULIANTE, Senior Judge.

KELLEY, Judge.

Emil Socha (claimant) petitions for review of an order of the Workers' Compensation Appeal Board (board) affirming the workers' compensation judge's (WCJ) decision denying his claim petition. We reverse and remand.

Bell Atlantic–Pennsylvania, Inc. (employer) employed claimant as a switchman from 1968 to the present. On or about September 25, 1995, claimant filed a claim petition. Therein, claimant alleged that he suffered bilateral hearing loss as a result of long and continuous exposure to hazardous noise levels while employed by employer. Claimant alleged further that the date of injury was September 6, 1995 and that notice of his injury was given to employer on September 25, 1995 by certified mail.

Employer filed a timely answer denying all material allegations and stating that claimant failed to give employer notice of his work-related injury in accordance with section 311 of the Pennsylvania Worker's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 631.[1] Hearings before the WCJ ensued.

Before the WCJ, claimant testified on his own behalf and submitted the reports of Michael C. Bell, M.D. and Donald B. Kamerer, M.D.[2] Employer did not submit any evidence.

Claimant testified that during his employment as a switchman from 1968 to 1984, he was exposed to high levels of hazardous noise. He further stated that his exposure to loud noise was reduced significantly when he started working at the power plant in 1984. Claimant testified that he has used hearing protection for the last twelve or thirteen years. Claimant testified that for the last twenty years, he has had trouble hearing during conversations in person and over the phone. Claimant testified that he would have to turn the volume up on the radio in

---

1. Section 311 of the Act requires a claimant to give notice of a work-related injury to his or her employer within 120 days after the occurrence of the injury or be forever barred from obtaining compensation for that injury.

2. Because claimant's claim for compensation involved fifty-two weeks or less of disability, claimant presented medical reports in lieu of medical testimony. *See* Section 422(d) of the Act, 77 P.S. § 835.

order to hear it and that it was especially hard for him to hear someone else talking if there was background noise.

Claimant admitted that he first suspected he had a hearing problem soon after working for employer because his wife repeatedly asked him to get his hearing checked. In addition, claimant testified that he was told by a physician during a 1990 commercial driver's license physical that his hearing loss might prohibit him from receiving a commercial driver's license in the future. Claimant also stated that he was aware that exposure to loud noise could cause hearing loss and that his employment regularly exposed him to hazardous noise. Finally, claimant testified that after he became aware of his hearing loss, he tried to protect his hearing as much as possible by wearing hearing protection whenever he was around loud noises, both at home and at work.

Claimant presented the medical report of Dr. Bell in support of his claim petition. Based upon the results of the audiogram and examination, Dr. Bell found that claimant's loss of hearing was caused by or related to claimant's work duties and that claimant's bilateral hearing loss was 17.19%. Dr. Bell did not comment on when this injury occurred or whether the injury continues to occur.

Claimant also offered the medical report of Dr. Kamerer, the physician who performed an independent medical examination of claimant. Dr. Kamerer found that claimant's bilateral hearing loss was 19%.

The WCJ found that claimant did not give employer notice of his injury until September 25, 1995, when his attorney sent employer a certified letter. The WCJ found the testimony of claimant credible regarding his exposure to hazardous noise. The WCJ found Dr. Bell's and Dr. Kamerer's reports credible and consistent with one another.

Based on the foregoing, the WCJ found as follows:

a. The claimant, Emil Socha, has suffered a loss of hearing in both ears as result of his employment with [employer] from 1968 to the present.

b. The claimant knew by 1990 that he suffered a significant amount of hearing loss and that his employment was a major cause of that loss of hearing.

c. There is no evidence that the claimant's hearing loss has gotten progressively worse since his 1990 commercial driver's license physical examination. The claimant's exposure to loud noise was significantly reduced in 1984 when he moved to the power plant and through the claimant's increased use of hearing protection.

d. As of February 23, 1995 when the legislature amended the [Act], a partial loss of hearing became a compensable injury.

e. The claimant knew by February 23, 1995 that he suffered from a significant amount of hearing loss and that his employment was the major cause of that loss of hearing.

f. There is no evidence that the claimant's hearing loss has gotten progressively worse following the date he filed his claim petition.

Based on the above findings, the WCJ concluded that although claimant knew in 1990 that he suffered from a significant hearing loss caused by his employment, the 120 day notice period was not triggered because claimant's partial hearing loss was not compensable at that time. The WCJ concluded further that the notice period was triggered on February 23, 1995 when claimant knew he had a compensable hearing loss injury. Thus, the WCJ concluded that claimant did not prove entitlement to hearing loss benefits because he did not provide notice of his injury to employer within 120 days of the date he knew he had a compensable injury in accordance with section 311 of the Act. Accordingly, the WCJ denied claimant's claim petition.

Claimant appealed the WCJ's decision to the board. The board affirmed and this appeal followed.

 Initially, we note that the board applied the incorrect scope of review when it reviewed the WCJ's decision utilizing the substantial evidence test. Herein, claimant was the party with the burden of proof and

was the only party to present evidence before the WCJ. Where the burdened party is the only party to present evidence and does not prevail before the agency, the appropriate scope of review is whether the agency erred as a matter of law or capriciously disregarded competent evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America),* 121 Pa.Cmwlth. 436, 550 A.2d 1364 (1988). The substantial evidence test applies when both parties present evidence. *Id.* Accordingly, we will apply the capricious disregard test in reviewing the merits of this appeal.

On appeal herein, claimant raises the following issues. Whether the board erred in concluding that claimant did not give timely notice of his work-related injury where the board applied the wrong legal standard to evaluating the notice issue where: (1) section 306(c) of the Act, 77 P.S. § 513, designates the date of claimant's injury as September 25, 1995 and the WCJ found that claimant gave notice on that date; and (2) there is no evidence that claimant knew, or had been told by a doctor that he had a compensable hearing loss based on the AMA standard until claimant was in receipt of a report by Dr. Bell dated October 22, 1995.[3]

In support of the first issue, claimant argues that the 1995 amendments to the Act establish that the date of injury for occupational hearing loss is the earlier of the date on which the claimant filed his or her claim petition or the last date of long term exposure to hazardous occupational noise while in the employ of the employer against whom the claim is filed. Therefore, claimant contends, that his date of injury is September 25, 1995, the date he filed his claim petition. Claimant asserts further that because he gave employer notice on September 25, 1995, employer had notice within 120 days of the date of his injury. We disagree with claimant's interpretation of the Act.

In 1995, the General Assembly amended section 306(c)(8) of the Act by Act of February 22, 1995, P.L. 1, effective immediately, and established a schedule of compensation relating to hearing loss. 77 P.S. § 513(8). The Act now provides for partial hearing loss and section 306(c)(8) provides for a schedule of compensation based on the percentage of hearing impairment calculated under the impairment guides.[4] Section 306(c)(8) of the Act now provides, in pertinent part, as follows:

8(i) For permanent loss of hearing which is medically established as an occupational hearing loss caused by long-term exposure to hazardous occupational noise, the percentage of impairment shall be calculated by using the binaural formula provided in the Impairment Guides. The number of weeks for which compensation shall be payable shall be determined by multiplying the percentage of binaural hearing impairment as calculated under the Impairment Guides by two hundred sixty weeks. Compensation payable shall be sixty-six and two-thirds per centum of wages during this number of weeks, subject to the provisions of clause (1) of subsection (a) of this section.

. . . .

(ix) The date of injury for occupational hearing loss under subclause (i) of this clause shall be the earlier of the date on which the claim is filed or the last date of long-term exposure to hazardous occupational noise while in the employ of the employer against whom the claim is filed.

77 P.S. § 513(8).

We believe that when the General Assembly included subsection 8(ix) within the provisions of section 306(c)(8), the intent of the General Assembly in statutorily defining date of injury was simply to set forth the date of injury for purposes of calculating compensation. Clearly, subsection 8(i) sets forth the formula for calculating the number of weeks of benefits a hearing loss claimant is entitled to receive for permanent hearing loss which is medically established as an

3. We note that Dr. Bell's report is dated October 27, 1995. Reproduced Record (R.R.) at 32a.

4. The term "impairment guides", as used in the Act, means the American Medical Association's Guides to the Evaluation of Permanent Impairment, Fourth Edition (June 1993). Section 105.5 of the Act, added by Act of February 22, 1995, P.L. 1.

occupational hearing loss caused by long-term exposure to hazardous occupational noise. The statutory definition of date of injury contained in subsection 8(ix) pertains solely to subsection 8(i). Neither subsection 8(i) nor subsection 8(ix) makes reference to the notice requirements contained in section 311 of the Act. Accordingly, the definition of date of injury found in subsection 8(ix) is to be utilized for calculating a claimant's benefits under subsection 8(i) not for determining whether the notice requirements under section 311 of the Act were satisfied.

Furthermore, we believe that this interpretation of the Act is consistent with this court's prior holdings regarding the date of injury for calculation purposes as opposed to the date of injury for notice purposes in hearing loss cases. For example, in *Westinghouse Electric Corp. v. Workmen's Compensation Appeal Board (Peterson)*, 164 Pa. Cmwlth. 32, 641 A.2d 1277 (1994), *petition for allowance of appeal denied*, 540 Pa. 625, 657 A.2d 495 (1995), this court stated as follows:

> Regarding the third issue, Employer asserts that if this court determines the date of Claimant's injury to be May 15, 1990, [5] we must also find that the [WCJ] incorrectly calculated Claimant's average weekly wage. In support of its position, Employer relies upon Section 309 of the Act, 77 P.S. § 582, which requires that an employee's average weekly wage be calculated as of the "time of injury." According to Employer, if we were to calculate Claimant's average weekly wage as of May 15, 1990, Claimant's wage would be zero, and he would not be entitled to any benefits. We note, however, that if we were to accept Employer's position that benefits are to be awarded based upon the rate of compensation in effect on the date that an employee is advised by his doctor that he suffers from work-related hearing loss, an illogical and unjust result would occur for those employees who are unemployed or retired as of that date and thus have no earnings upon which to base an award. We, therefore, conclude that for the pur-

pose of calculating benefits in hearing loss cases, we must look to the date of the last noise exposure. .... In this case, Claimant was last exposed to work-related noise when he retired in 1984. As such, we further conclude that the [WCJ] did not err in calculating Claimant's benefits based upon Claimant's average weekly wage in 1984.

*Westinghouse*, 641 A.2d at 1281 (citations omitted).

Thus, by including subsection 8(ix) in the provisions of section 306(c)(8) of the Act, the General Assembly has eliminated the illogical and unjust result that would occur for those employees who are unemployed or retired and have no earnings upon which to base an award if the date of injury for calculation purposes was deemed to be the same date they had notice of a compensable hearing loss. Accordingly, we reject claimant's contention that his date of injury for notice purposes pursuant to section 311 of the Act is governed by section 306(c)(8)(ix) of the Act.

Next, in support of the second issue raised on appeal, claimant argues that the board erred in affirming the WCJ's conclusion that claimant had sufficient information regarding his hearing loss claims prior to February 23, 1995, to trigger claimant's duty to give notice of a work-related hearing loss on that date. We agree.

Whether a claimant has complied with the 120–day notice requirement contained in section 311 of the Act is a question of fact to be determined by the WCJ. *Anastasio v. Workmen's Compensation Appeal Board (NGK Metals Corp)*, 713 A.2d 116 (Pa.Cmwlth.1997); *Boeing Helicopter Co. v. Workmen's Compensation Appeal Board (McCanney)*, 157 Pa.Cmwlth. 76, 629 A.2d 184 (1993), *appeal dismissed*, 539 Pa. 321, 652 A.2d 796 (1994). "A claimant's belief, without more, that the hearing loss is work-related does not rise to the level necessary to begin the running of the statute of limitations under the Act. Indeed, the '[m]ere knowledge or suspicion of significant hearing loss and a

---

**5.** May 15, 1990 is the date that claimant was advised by his physician that he suffered a complete loss of hearing for all practical intents and

purposes and that this hearing loss was the result of occupational noise exposure. *Westinghouse*, 641 A.2d at 1281.

possible causal relationship with employment .... is not sufficient evidence of a compensable hearing loss.' " *Anastasio*, 713 A.2d at 120, *quoting Boeing Helicopter*, 629 A.2d at 189.

■ While the above principles were enunciated in connection with hearing loss injuries prior to the enactment of Act 1 of 1995 when a claimant had to suffer a complete hearing loss for all intents and purposes in order to have a compensable claim, we believe the same principles are applicable when a claimant is alleging that he or she has suffered a partial hearing loss. A claimant cannot be charged with the knowledge that he or she has suffered a compensable partial hearing loss until the claimant is informed by a physician or other health care provider that the permanent binaural hearing impairment may exceed, or in fact does exceed, ten percent, as required by section 306(c)(8)(iii) of the Act,[6] and that such loss is work-related.

■ Herein, claimant testified that he was told in 1990 during a physical to determine whether he was qualified to obtain a commercial driver's license that he was suffering from a hearing loss. The WCJ found, based on this testimony, that claimant was aware in 1990 that he suffered a compensable hearing loss injury and that the notice period was triggered on February 23, 1995, the effective date of Act 1 of 1995. However, our review of the record reveals that while claimant may have admitted that he was told in 1990 that he was suffering from a hearing loss, this knowledge was not enough to rise to level that would entitle the WCJ to find that claimant knew that his hearing loss automatically became compensable on February 23,

1995. Claimant was examined in 1990, at the request of employer, for the sole purpose of determining whether claimant qualified for a commercial driver's license. Claimant was not examined for the purpose of determining whether he was suffering a compensable hearing loss and there is nothing in the record to indicate that claimant knew in 1990 that his binaural hearing impairment exceeded the ten percent threshold requirement of the Act. As a result, the WCJ erred in that the notice period was triggered on February 23, 1995. It was not until September 6, 1995 that Dr. Bell preliminarily notified claimant's attorney that claimant has suffered a loss of use of hearing secondary to industrial noise exposure. Claimant then filed a claim petition on September 25, 1995 well within the 120 day notice requirement of section 311 of the Act.[7] Therefore, the board erred in affirming the WCJ's findings that claimant did not give timely notice to employer pursuant to section 311 of the Act. Accordingly, we reverse the board's order and remand this matter for a calculation of benefits pursuant to section 306(c)(8) of the Act.

### *O R D E R*

NOW, this 8th day of March, 1999, the order of the Workers' Compensation Appeal Board at A97–1287, dated July 1, 1998, is reversed and this matter is remanded for a calculation of workers' compensation benefits.

**Jurisdiction relinquished.**

---

6. Section 306(c)(8)(iii) provides that no benefits shall be payable if there is a level of binaural hearing impairment as calculated under the impairment guides which is equal to or less than ten per centum. 77 P.S. § 513(c)(8)(iii).

7. Employer contends that claimant did not know that he had a compensable hearing loss until October 27, 1995, the date of Dr. Bell's report; therefore, claimant's argument that he did not have enough knowledge to trigger his duty to give notice must fail as claimant did not rely on Dr. Bell to advise him of his hearing loss before filing a claim petition. As such, claimant's duty to give notice was triggered before he filed his

claim petition. *See Hermanson v. Workmen's Compensation Appeal Board (Kaiser Aluminum)*, 156 Pa.Cmwlth. 556, 628 A.2d 514, *petition for allowance of appeal denied*, 536 Pa. 633, 637 A.2d 293 (1993) (Claimant filed his claim petition before obtaining a medical diagnosis thus supporting that he knew the extent and cause of the loss). However, the record contains a report by Dr. Bell dated September 6, 1995 wherein Dr. Bell preliminarily opines that claimant suffers from a loss of use of hearing secondary to industrial noise exposure. Therefore, we reject employer's contention.