CROMPTON CORPORATION,
Petitioner

v.

WORKERS' COMPENSATION
APPEAL BOARD (KING),
Respondent.

Commonwealth Court of Pennsylvania.

Submitted April 25, 2008.

Decided Aug. 5, 2008.

Dale A. Cable, Pittsburgh, for petitioner.

Ronald P. Koerner, Bethel Park, for respondent.

BEFORE: SMITH–RIBNER, Judge, SIMPSON, Judge and FLAHERTY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

This matter involves review of an order of the Workers' Compensation Appeal Board (Board) that affirmed the Workers' Compensation Judge's (WCJ) decision to grant the hearing loss claim petition filed by Robert E. King (King) against Crompton Corporation (Crompton). The question presented is whether the WCJ erred in failing to find that King did not meet the notice requirements under Section 311 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 631, with respect to his claim resulting from exposure to hazardous noise during his employment.

With the exception of six months of active military service, King worked for Crompton from 1965 through the 2006 proceedings before the WCJ. During the course of his employment, King worked for Crompton in various departments and capacities where he was regularly exposed to loud noise from hammers, jackhammers, sledge hammers, coal grinders, steam jets, steam pumps, motors, compressors *et cetera.* On April 2, 2004, King filed a claim petition alleging compensable hearing loss caused by long-term exposure to hazardous noise, thereby notifying Crompton of his injury.

King was examined by Dr. Joseph Turner, his medical witness, and by Dr. Moises Arriaga, Crompton's medical witness, on May 7, 2002 and December 6, 2004, respectively. The witnesses agreed that King presently has a substantial bilateral sensorineural hearing impairment, with binaural impairment ranging from 44.66% to 51.26%. Dr. Turner testified that King's hearing impairment is caused by his exposure to noise at work. Dr. Arriaga testified that the impairment is multifactoral, attributable, *inter alia,* to artillery noise during military service and gunfire noise while hunting. The WCJ found Dr. Turner's testimony to be credible and persuasive in that King's hearing impairment is due to exposure to long-term hazardous noise during the course of his employment with Crompton. The WCJ rejected Dr. Arriaga's testimony where it conflicted with Dr. Turner's opinion.

Crompton's challenge concerns the timeliness of King's notice of his injury. The WCJ specifically found that King first knew, or should have known, of his work-related hearing impairment when he received Dr. Turner's report on February 27, 2004. Crompton argues that King knew, or should have known, of his work-related hearing impairment in 1999, or by May 7, 2002 at the latest. King has used bilateral hearing aids since his 1999 evaluation by Dr. Douglas N. Callen. Also, King submitted a new patient information sheet to Dr. Turner on May 7, 2002 wherein King stated that his problem was related to workers' compensation. According to Crompton, Section 311 of the Act required King to give notice of his injury within 120 days of May 7, 2002 for it to be timely. The WCJ found that King notified Crompton within 120 days of receiving the report from Dr. Turner. Crompton argues, however, that the date of injury under Section 311 is the date on which a claimant knows or should have known that his or her hearing loss is severe enough to be compensable and that the hearing loss is work related. Applying this standard, Crompton maintains that at the very latest King should have known of his work-related hearing loss by May 7, 2002 when he visited Dr. Turner and that because Crompton was not notified within 120 days of that date King's claim should be dismissed as being untimely filed.

Addressing Crompton's argument, the Board relied upon this Court's opinion in *Socha v. Workers' Compensation Appeal Board (Bell Atlantic PA),* 725 A.2d 1276 (Pa.Cmwlth.1999) (*Socha I*), aff'd, 566 Pa. 602, 783 A.2d 288 (2001) (plurality) (*Socha II*), to determine that the WCJ was correct in finding that the report from Dr. Turner triggered the notice period rather than the statement that King made to Dr. Turner on May 7, 2002. In *Socha I* this Court reaffirmed the long-standing principle that a claimant's belief that his or her hearing loss is work related does not, in and of itself, rise to the level necessary to trigger the notice period under Section 311 of the Act because the mere knowledge or suspicion of a work-related hearing loss is insufficient evidence of a compensable hearing loss.

As an alternative rationale in support of the WCJ's decision, the Board noted that Section 306(c)(8)(ix) of the Act, 77 P.S. § 513(8)(ix), provides that the date of injury for occupational hearing loss shall be the earlier of the date on which the claim is filed or the last date of long-term exposure to hazardous occupational noise while employed by the employer against whom the claim is filed. The Board cited the plurality opinion in *Socha II* for the proposition that the date of injury designation found in Section 306(c)(8)(ix) is relevant in determining whether notice requirements under Section 311 have been satisfied. The Board determined that the date of injury according to Section 306(c)(8)(ix) was August 2, 2004, the date King filed his claim petition.

██ The Court's review of the Board's order in this matter is limited to determining whether a constitutional violation or an error of law has occurred, whether any practice or procedure of the Board was not followed and whether the necessary findings of fact are supported by substantial evidence of record. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Helvetia Coal Co. v. Workers' Compensation Appeal Board (Learn)*, 913 A.2d 326 (Pa.Cmwlth.2006). Questions of witness credibility and evidentiary weight are within the exclusive province of the WCJ, who may accept or reject testimony of any witness in whole or in part and whose findings of fact will not be disturbed upon appeal unless those findings are not supported by substantial evidence. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe)*, 539 Pa. 322, 652 A.2d 797 (1995).

██ Crompton essentially argues that the WCJ committed an error of law in applying an inappropriate standard to determine the triggering event for the notice requirements under Section 311 of the Act.

Crompton urges this Court not to follow *Socha I* because "the issue as to how the Discovery Rule is applied under *Socha* to employees who continue to work and yet 'knew or should have known about a hearing loss prior to discontinuation of employment' ... is without foundation or reason in law or supported by policy considerations." Crompton Brief at p. 12. Crompton contends that the law as it stands under *Socha I* unduly prejudices employers because it shields an injured worker from providing notice where that worker continues to work. In doing so, Crompton argues, the law disadvantages employers who are unable to promptly investigate potential claims. Evidently, Crompton has confused the holding of *Socha I* with that of *Socha II*.

Under *Socha II* a distinction would have to be made between those claimants who continue to be exposed to hazardous occupational noise and those who do not. Under the *Socha II* framework, which uses Section 306(c)(8)(ix) as the standard for determining date of injury, employees who continue to be exposed to hazardous occupational noise are not obligated to give notice prior to filing a claim petition, while employees who cease to be exposed must give notice within 120 days of cessation of the exposure. While Crompton argues that this result is without foundation in reason or law, the Court notes that *Socha II* is a plurality opinion with limited precedential value as only three of six participating justices agreed that Section 306(c)(8)(ix) should determine the date of injury for purposes of Section 311's notice requirement.

In *Socha I*, however, this Court specifically rejected the argument that Section 306(c)(8)(ix) should determine the date of injury in hearing loss cases for purposes of the notice requirements. *See Socha I* (holding that definition of "date of injury" in

Section 306(c)(8)(ix) is intended to be utilized for calculating benefits, not for determining whether Section 311 notice requirements were satisfied). It is noteworthy that although a majority of the justices could not agree on a rationale in *Socha II,* the six participating Justices voted unanimously to affirm *Socha I.* As a result, this Court's decision in *Socha I* remains an accurate enunciation of the law in this Commonwealth. Citing decisions in *Anastasio v. Workmen's Compensation Appeal Board (NGK Metals Corp.),* 713 A.2d 116 (Pa.Cmwlth.1997), and *Boeing Helicopter Co. v. Workmen's Compensation Appeal Board (McCanney),* 157 Pa.Cmwlth.76, 629 A.2d 184 (1993), this Court restated and relied on the settled principle that a claimant may not be charged with the knowledge of a compensable hearing loss unless and until the claimant is so informed by a health care provider.

■ Applying *Socha I* and the cases cited therein to the instant matter, the Court deems it clear that the WCJ applied the correct standard in finding that King first knew or should have known of his work-related hearing impairment when he received Dr. Turner's February 27, 2004 report informing him that his hearing impairment was indeed work-related. King may have suspected or even believed that his hearing loss was work related prior to February 27, 2004. Nevertheless, "[a] claimant's *belief,* without more, that the hearing loss is work-related does not rise to the level necessary to begin the running of the statute of limitations under the Act. Indeed, the '[m]ere knowledge or suspicion of a significant hearing loss and a possible causal relationship with employment ... is not sufficient evidence of a compensable hearing loss.'" *Anastasio,* 713 A.2d at 120 (quoting *Boeing Helicopter,* 629 A.2d at 189) (emphasis in original). The WCJ

committed no error of law in applying this well-established principle.

Crompton offers a considerable amount of argument to persuade this Court that King knew or should have known that his hearing loss was work related and otherwise compensable prior to receiving a report from a health care provider. Without reciting the nuances of this argument, the Court notes that the argument fails as a matter of law in light of *Socha I.* Under *Socha I* King could not be charged with knowledge of a compensable work-related hearing loss prior to being so informed by a health care provider. Crompton does not argue that King was so informed by a health care provider prior to Dr. Turner's February 27, 2004 report. Consequently, King was required to notify Crompton of his injury within 120 days of February 27, 2004. King met the requirements under Section 311 of the Act by notifying Crompton of the work-related injury well within the allotted period by filing a claim petition on April 2, 2004.

As a final matter, were the Court to apply the *Socha II* analysis, King's date of injury would be April 2, 2004, *i.e.,* the date on which he filed the claim petition. Accordingly, under either the *Socha I* or *Socha II* standard King's notice of his work-related hearing loss was timely provided to his employer. *Cf. Caloric Corp. v. Workers' Compensation Appeal Board (Shoemaker),* 802 A.2d 32 (Pa.Cmwlth. 2002) (discussing rationales of this Court's opinion in *Socha I* and the plurality opinion in *Socha II* but specifically noting that compliance with Section 311 notice requirements is a question of fact to be decided by the WCJ). The WCJ acted within his authority in finding that King met the 120–day notice requirements of Section 311 of the Act, and this finding is binding upon appeal because it is supported by substantial evidence of record.

Crompton has failed to demonstrate that the Board committed any error of law, and for that reason the Court affirms.

### ORDER

AND NOW, this 5th day of August, 2008, the order of the Workers' Compensation Appeal Board is affirmed.