641 A.2d 1277

**WESTINGHOUSE ELECTRIC CORP., Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (PETERSON), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted March 18, 1994.

Decided May 9, 1994.

34

Marshall A. Haislup, III, for petitioner.

Richard P. Hackman, for respondent.

Before CRAIG, President Judge, and NEWMAN, J., and DELLA PORTA, Senior Judge.

NEWMAN, Judge.

Westinghouse Electric Corporation (Employer) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision granting specific loss benefits to James Peterson (Claimant) under The Pennsylvania Workmen's Compensation Act (Act).[1] We affirm.

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

Claimant worked at Employer's Lester, Pennsylvania plant from 1957 until he retired in 1984. As a supervisor of janitors who cleaned and vacuumed various buildings in the plant, Claimant's duties required him to spend up to five hours per day working within five feet of chippers, welders, grinders and press hammers. During the course of his employment, Claimant was exposed to significant noise. Claimant was not provided with any ear protection until 1982 or 1983. However, even when hearing protection was available to him, Claimant did not use it because he needed to hear the trucks and cranes moving around him.

Throughout the course of his employment with Employer, Claimant was periodically given hearing tests, but Claimant was never given the results of these tests. In 1983, during one such test, Employer's nurse informed Claimant that his hearing "was going bad." Notes of Testimony, Hearing of December 12, 1990 at 7.

Claimant himself recognized a loss of hearing in 1982 or 1983 to the extent that he experienced difficulty hearing his wife, the telephone and television, and everyday conversation. Claimant also experienced ringing in his ears. On November 15, 1989, Claimant visited his attorney's office where an audiogram was administered to him by Health Services on Wheels.

Claimant did not see a doctor for his hearing problem, however, until May 15, 1990. At that time, Steven E. Ladenheim, M.D. took Claimant's medical history, examined him and administered a battery of tests. Although the record reflects that Dr. Ladenheim reviewed the results of the November 18, 1989 test, the record is not clear as to when Dr. Ladenheim in fact reviewed them. Based upon Claimant's medical history, the physical examination of Claimant and the results of the hearing tests which he administered, Dr. Ladenheim concluded that Claimant had permanently lost his hearing for all practical intents and purposes as a direct result of occupational noise exposure.

On June 13, 1990, Claimant filed a claim petition, alleging that he suffered a hearing loss as the result of prolonged

exposure to noise at work from 1957 to 1984. Employer filed an answer, denying the allegations of the claim petition.

Thereafter, hearings were held before a referee. In support of his claim petition, Claimant testified and presented the deposition testimony of Dr. Ladenheim. In opposition, Employer presented the deposition testimony of Joseph Sataloff, M.D. Employer also entered into evidence a statement of wages, indicating Claimant's average weekly wage in 1984.

Upon consideration of the evidence presented, the referee found that Claimant was aware of his hearing problem in 1983, but Claimant did not know that his hearing problem was work-related until he was so informed by Dr. Ladenheim on May 15, 1990. The referee further found that Claimant suffered a complete loss of hearing for all practical intents and purposes and that the hearing loss was the direct result of occupational noise exposure. Moreover, the referee rejected Employer's contention that Claimant failed to give Employer timely notice of his work-related hearing loss and that Claimant's claim petition was time-barred. Accordingly, the referee granted Claimant's claim petition and awarded Claimant specific loss benefits for a period of 260 weeks beginning on June 13, 1990.

Employer appealed to the Board and filed a request for supersedeas. The Board issued an order denying Employer's request and thereafter affirmed the decision of the referee. Employer again requested supersedeas which the Board also denied. This appeal followed.[2]

■ On appeal to this court, the four issues presented are: (1) whether Claimant gave Employer timely notice of his work-related hearing loss pursuant to Section 311 of the Act, 77 P.S. § 631; (2) whether Claimant's claim petition was time-barred by the three-year statute of limitations set forth in Section 315 of the Act, 77 P.S. § 602; (3) whether the referee correctly calculated Claimant's benefits based upon Claimant's average weekly wage at the time of Claimant's retirement in

2. By order dated November 17, 1993, this court also denied Employer's petition for supersedeas filed with this court.

1984; and (4) whether substantial evidence exists in the record to support the referee's finding that Claimant's hearing loss resulted from occupational noise exposure.[3]

With respect to the first issue, Employer asserts that the record establishes that Claimant knew or should have known of his hearing loss as early as 1983, or at the latest on November 18, 1989. Specifically, Employer points to evidence of record that Employer tested Claimant's hearing on an annual basis beginning in 1970, that Claimant noticed as early as 1983 that he had difficulty hearing, that Claimant was advised by Employer's nurse in 1983 that his hearing was going bad and that a hearing test was administered at the office of Claimant's attorney on November 18, 1989. As such, Employer asserts that Claimant failed to give timely notice of his injury in accordance with Section 311 of the Act.

Under Section 311, unless an employer has knowledge of the occurrence of an injury, a claimant is required to give notice of the injury to the employer within 120 days after the occurrence of the injury. Section 311 further sets forth the discovery rule as follows:

> However, *in cases of injury resulting from* ionizing radiation or *any other cause in which the nature of the injury or its relationship to the employment is not known to the employe*, the time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment.

77 P.S. § 631 (emphasis added).

With respect to hearing loss cases, this court has held, mirroring the language of the statute, that the notice period is triggered on the date a claimant knows, or should know, that his hearing loss is severe enough to be compensable and that

---

3. Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of facts are supported by substantial evidence. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 132 Pa.Commonwealth Ct. 277, 572 A.2d 838 (1990), *aff'd*, 531 Pa. 287, 612 A.2d 434 (1992).

the loss is work-related. *Sun Oil Co. v. Workmen's Compensation Appeal Board (Davis, III)*, 144 Pa.Commonwealth Ct. 51, 600 A.2d 684 (1991); *Cyclops Corp. v. Workmen's Compensation Appeal Board (Sray, Jr.)*, 116 Pa.Commonwealth Ct. 421, 541 A.2d 851 (1988). This court has also held that whether a claimant has complied with the notice requirement is a question of fact to be determined by the referee. *Leber v. Workmen's Compensation Appeal Board (Yellow Freight System)*, 156 Pa.Commonwealth Ct. 491, 628 A.2d 481 (1993).

In the instant case, the referee found that although Claimant may have been aware of his hearing problem as early as 1983, Claimant did not know that his hearing loss was significant or work-related until he was so advised by Dr. Ladenheim on May 15, 1990. Our review of the record reveals that the evidence presented supports such a finding. Specifically, Claimant testified that although he submitted to numerous hearing tests over the years, he was never provided with the results of those tests. N.T. at 7–8, 26. As such, the referee's finding will not be disturbed on appeal.

Moreover, we note that this case is readily distinguishable from *Hermanson v. Workmen's Compensation Appeal Board (Kaiser Aluminum)*, 156 Pa.Commonwealth Ct. 556, 628 A.2d 514 (1993), which is cited by Employer and in which we held that the date on which the claimant's doctor informed him that he suffered a work-related hearing loss was not dispositive. Our decision in *Hermanson*, however, is not controlling here because Mr. Hermanson filed a claim petition before he was aware of his doctor's opinion.

In contrast, Claimant filed his claim petition after his May 15, 1990 appointment with Dr. Ladenheim. Because Claimant's notice to Employer on June 13, 1990 was given within 120 days of the date on which Dr. Ladenheim advised Claimant of the significance of his hearing loss, we must agree with the referee that Claimant's notice to Employer was timely.

With respect to the second issue, Employer similarly argues that because Claimant knew or should have known of his hearing loss as early as 1983, his claim petition filed on

June 13, 1990 was time-barred by the three-year statute of limitations set forth in Section 315. In this regard, the law is clear that Section 315 of the Act extinguishes a claimant's right to compensation unless he files a claim within three years from the date of injury. *Berisford v. Workmen's Compensation Appeal Board (Jessop Steel Co.)*, 142 Pa.Commonwealth Ct. 83, 596 A.2d 1237 (1991). Although Section 315 also has a discovery rule,[4] its discovery rule has been interpreted to apply only to injury resulting from ionizing radiation or occupational diseases. *See Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board (Feiertag)*, 90 Pa.Commonwealth Ct. 567, 496 A.2d 412 (1985).

Therefore, for purposes of determining whether a claim for hearing loss, which results neither from ionizing radiation nor an occupational disease, is time-barred under Section 315, the three-year limitations period begins to run from the date of injury regardless of the Claimant's actual or constructive knowledge of the injury. *Boeing Helicopter Co. v. Workmen's Compensation Appeal Board (McCanney)*, 157 Pa.Commonwealth Ct. 76, 629 A.2d 184 (1993). This court has held that the deciding factor in determining the date of injury for purposes of Section 315 is when the claimant is advised by a doctor that he has suffered a complete loss of hearing for all practical intents and purposes and that the loss is work-related. *Id.*

As stated above, the referee in this case found that Claimant was advised by Dr. Ladenheim on May 15, 1990 that he suffered a complete loss of hearing for all practical intents and purposes and that this hearing loss was the result of occupational noise exposure. Our review of the record reveals that the evidence presented supports such a finding. *See* Dr.

4. The discovery rule of Section 315 provides as follows:

However, in cases of injury resulting from ionizing radiation in which the nature of the injury or its relationship to the employment is not known to the employe, the time for filing a claim shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment.

77 P.S. § 602.

Ladenheim's Deposition at 12–13. Therefore, this finding is binding on appeal. As such, we conclude that the date of Claimant's injury is May 15, 1990. Because Claimant's June 13, 1990 claim petition was filed within three years from the date of this injury, we must agree with the referee that Claimant's petition was timely filed.

■ Regarding the third issue, Employer asserts that if this court determines the date of Claimant's injury to be May 15, 1990, we must also find that the referee incorrectly calculated Claimant's average weekly wage. In support of its position, Employer relies upon Section 309 of the Act, 77 P.S. § 582, which requires that an employee's average weekly wage be calculated as of the "time of injury." According to Employer, if we were to calculate Claimant's average weekly wage as of May 15, 1990, Claimant's wage would be zero, and he would not be entitled to any benefits.

We note, however, that if we were to accept Employer's position that benefits are to be awarded based upon the rate of compensation in effect on the date that an employee is advised by his doctor that he suffers from a work-related hearing loss, an illogical and unjust result would occur for those employees who are unemployed or retired as of that date and thus have no earnings upon which to base an award. We, therefore, conclude that for the purpose of calculating benefits in hearing loss cases, we must look to the date of the last noise exposure. *Compare Fisk v. Workmen's Compensation Appeal Board (General Electric Co. and Electric Mutual Liability Insurance Co.)*, 159 Pa.Commonwealth Ct. 542, 633 A.2d 1305 (1993) (for the purpose of calculating benefits in occupational disease cases under the Act, the date of injury must be the date of last exposure). In this case, Claimant was last exposed to work-related noise when he retired in 1984. As such, we further conclude that the referee did not err in calculating Claimant's benefits based upon Claimant's average weekly wage in 1984.

■ Last, Employer asserts that the referee's finding that Claimant suffered an occupational noise-induced hearing loss

is not supported by substantial, competent evidence in the record. Specifically, it is Employer's position that Claimant's duties as a supervisor of janitorial services did not expose him to sufficient noise to cause an occupational hearing loss because Claimant spent only half of his time working in a noisy environment. Moreover, Employer asserts that Dr. Ladenheim's testimony was incompetent because he was not aware of how may hours per day Claimant was exposed to noisy conditions at work. We disagree.

Our review of the record in this case reveals that although Dr. Ladenheim did not know the exact number of hours per day that Claimant was exposed to noise, Dr. Ladenheim testified that Claimant had indicated to him that some of Claimant's work activities were associated with very high levels of noise and other activities were associated with significantly lower levels. Dr. Ladenheim's Deposition at 29–30. Based upon Claimant's work history, his examination of Claimant and the result of an audiogram, Dr. Ladenheim concluded that Claimant's hearing loss was work-related. Dr. Ladenheim's Deposition at 8–9, 12–13, 16–17. The referee found Dr. Ladenheim's testimony to be credible.

We also note that the referee specifically rejected Dr. Sataloff's opinion that Claimant did not have sufficient exposure to noise at work to cause a hearing loss. The law is well settled that credibility determinations are within the province of the referee who is free to accept or reject the testimony of any witness, in whole or in part, including medical witnesses. *Berry v. Workmen's Compensation Appeal Board (United Minerals & Grain Corp.)*, 144 Pa.Commonwealth Ct. 684, 602 A.2d 415 (1992). Therefore, we conclude that substantial evidence exists in the record to support the referee's finding.

Based upon the foregoing analysis, we affirm the order of the Board.

## ORDER

AND NOW, May 9, 1994, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.