**MEADVILLE FORGING COMPANY and Trans–General Services Company, Petitioners,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (ARTMAN), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 31, 1999.

Decided Feb. 1, 2000.

Reargument Denied April 7, 2000.

John M. Cerilli, Pittsburgh, for petitioners.

Pamela M. Schiller and Barbara E. Holmes, Pittsburgh, for repondent.

Before PELLEGRINI, J., FRIEDMAN, J. and RODGERS, Senior Judge.

PELLEGRINI, Judge.

Meadville Forging Company (Employer) and its insurance carrier, Trans–General Services Company, appeal from an order of the Workers' Compensation Appeal Board (Board) affirming the decision of the Workers' Compensation Judge (WCJ) granting James Artman (Claimant) benefits for an occupational hearing loss.

Claimant filed a claim petition on May 15, 1995 alleging that he sustained a binaural hearing loss as a result of exposure to occupational noise to which Employer answered by contending that claim was barred pursuant to Section 306(c)(8) (viii) of the Pennsylvania Workers' Compensation Act (Act)[1] because it was filed more than three years after his exposure to hazardous noise while working for employer.

Before the WCJ, Claimant testified that he started working for Employer in 1971 in the machine shop, and that after a year he was transferred to the hammer shop where, for about ten years, he was exposed to the repetitive loud noise of the hammers, which he characterized as similar to exploding dynamite. Claimant began wearing ear protection while working in the hammer shop. Claimant was off work for about two years for a non-work-related injury, and upon his return, went back to the machine shop, where he continues to be employed, and where he is again exposed to the loud noise of the finished parts being thrown into steel bins. With regard to the effectiveness of his earplugs, Claimant indicated that he did not see that it did any good because of the noise.

Claimant offered the testimony of Stephen M. Froman, M.D. who indicated that

Claimant's history of exposure to continuous loud noise at work, ringing in his ears, and temporary hearing loss when he would leave work, was consistent with temporary threshold shifts indicative of his exposure to potentially deleteriously loud levels of noise. He opined that Claimant's binaural hearing impairment is 41.87% and results from his cumulative exposure to loud noise during his years with Employer. Dr. Froman placed no reliance on Employer's previous industrial audiograms, and opined that even if there was in fact no substantial change in Claimant's hearing loss since 1983, that fact alone is not conclusive to establish that Claimant was not exposed to loud noise since that time.

In opposition, Employer offered testimony to show that Claimant did not have a long-term exposure to hazardous noise within the preceding three years. Douglas A. Chen, M.D., acknowledged that Claimant's hearing loss as of 1981 was caused by noise exposure with Employer, but opined that any additional hearing loss between 1981 and 1987 was not caused by occupational noise, and that Claimant's hearing loss was essentially unchanged since 1987. Dr. Chen acknowledged that a review of the previous audiograms would not reveal whether Claimant was exposed to hazardous noise, but did indicate that Claimant had no additional hearing loss as a result of noise exposure. He opined that Claimant had an occupational noise induced hearing loss of 41.2%. Dr. Chen opined that if Claimant wore hearing protection with a Noise Reduction Rating (NRR) of 29 it would attenuate the noise reaching the ears by a maximum of 29 decibels.

Employer also offered the testimony of Vincent A. Snee, an industrial hygienist, and David R. Williams, a certified industrial hygienist, who prepared a noise survey for Employer in August of 1995.[2] Mr.

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 513(8)(viii).

2. Employer also offered the testimony of S. Todd Woods, safety director, who provided a 1993 color coded diagram of the floor plan indicating the noise levels of different areas of the company. Claimant, upon questioning regarding the diagram, indicated that he

Woods surveyed Claimant on August 9, 1995 and August 18, 1995, and testified that the noise levels in the machine shop where Claimant worked were on average 83 decibels with a maximum of 90 decibels. He testified that Claimant wore hearing protection with a NRR of 29 while working. Mr. Williams indicated that a hearing protection device with a NRR of 29 would have a noise attenuation value of 22,[3] and therefore, opined, hypothetically, that if someone were exposed to 90.4 decibels, with hearing protection the exposure would be 68.4 decibels on a time weighted average (TWA), which is below Occupational Safety and Health Administration (OSHA) limits.

The WCJ considered the testimony and accepted Claimant and Dr. Froman as credible, and rejected Employer's evidence.[4] The WCJ thus found that Claimant sustained an occupational noise induced hearing loss and awarded benefits. Cross–Appeals were filed to the Board,[5] which affirmed the decision of the WCJ and Employer's appeal followed.[6]

Not contending that Claimant did not suffer an occupational hearing loss, Employer only contends that Claimant has failed to meet his burden to establish that he endured "long-term exposure to hazardous noise" within the three years preceding the filing of the claim petition as required by Section 306(c)(8) of the Act making his claim time barred. This provision provides in relevant part:

(i) For permanent loss of hearing which is medically established as an occupational hearing loss caused by long-term exposure to hazardous occupational noise....

....

(viii) Whenever an occupational hearing loss caused by long-term exposure to hazardous occupational noise is the basis for compensation ... the claim shall be barred unless a petition is filed within three years after the date of last exposure to hazardous occupational noise in the employ of the employer against whom benefits are sought.

....

(x) Whether the employe has been exposed to hazardous occupational noise or has long-term exposure to such noise shall be affirmative defenses to a claim for occupational hearing loss and not a part of the claimant's burden of proof in a claim.

The Act defines "Hazardous Occupational Noise" as "noise levels exceeding permissible noise exposure as defined in table G–16 of OSHA Occupational Noise Exposure Standards. 29 C.F.R. part 1910.95...."[7] "Long–Term Exposure" is defined in Section 105.6 as "exposure to noise exceeding the permissible daily exposure for at least three days each week for forty weeks of one year."

---

worked in the machine shop, which on the diagram was color coded at 90 decibels.

**3.** Mr. Williams testified that 7 is subtracted from the NRR rating as a correction value to adjust to the dBA scale.

**4.** Credibility determinations are within the purview of the WCJ. *Hills Department Store No. 59 v. Workmen's Compensation Appeal Board (McMullen)*, 166 Pa.Cmwlth.354, 646 A.2d 1272 (1994), *appeal denied*, 540 Pa. 587, 655 A.2d 518 (1995).

**5.** Claimant appealed to the Board arguing that the WCJ failed to award Claimant lost

wages for attending the hearing. This question has not been appealed here.

**6.** The scope of review on appeal from the Board is whether there is an error of law, whether the essential findings are supported by substantial evidence, or whether constitutional rights have been violated. Section 704 the Administrative Agency Law, 2 Pa.C.S. § 704; *General Electric Co. v. Workers' Compensation Appeal Board (Bower)*, 734 A.2d 492 (Pa.Cmwlth.1999).

**7.** Section 105.4 of the Act, added by the Act of February 22, 1995, P.L. 1., 77 P.S. § 25.4.

Employer contends that because the three-year time limitation contained in Section 306(c)(8)(viii) is a statute of repose, which cannot be waived, *see Kocis v. Workers' Compensation Appeal Board (Department of Labor and Industry)*, 733 A.2d 699 (Pa.Cmwlth.1999), and is not an affirmative defense, and if not an affirmative defense, it must then be claimant's burden to establish that he was exposed to hazardous noise, even though Section 306(c)(8)(x) states that it is not a claimant's burden to establish that he was exposed to hazardous occupational noise or has long-term exposure to such noise. Using this provision as a sword, it contends that if the General Assembly wanted to make the three-year provision contained in Section 306(c)(8)(viii) an affirmative defense, it would have so provided in subsection (x). Because Claimant has the burden, Employer asserts that since the testimony of its witnesses as to the noise levels in Claimant's work place were found not credible, and Claimant offered no testimony as to the decibel levels, for that reason alone, he failed to make out his claim by showing that he was exposed to hazardous noise within three years of the filing of his claim.

■ Employer's reading of Section 306(c)(8)(x), however, is much too narrow. This provision always makes it the employer's burden to establish that the noise that a claimant was exposed to was not hazardous occupational noise *or* that a claimant did not have long-term exposure to hazardous noise in any of the hearing loss provisions, including whether the claim was filed within three years of last exposure. If we were to adopt Employer's reasoning, potential claimants would be constantly "traipsing" through plants with their own experts to determine if they were exposed to hazardous noise; otherwise their claims

may become time-barred. All that a claimant has to do to meet his or her burden under Section 306(c)(8)(i) of the Act is to *prima facie* establish that the claim was timely filed by showing that he or she was exposed to occupational noise while working for Employer during the three years preceding the claim. The Employer then may rebut that it was timely filed by establishing that claimant's noise exposure was not hazardous or long-term during that time.

■ Even if the WCJ and the Board did not err in failing to place the burden on Claimant to prove "long-term exposure to hazardous noise," Employer contends that it was error to not take into consideration claimant's use of hearing protection devices in determining whether he had long-term exposure to hazardous noise. The Act correlates what is hazardous noise with table G–16 of OSHA Occupational Noise Expose Standards, which is utilized to determine when hearing conservation measures are to be implemented, such as mandatory use of personal protective equipment. 29 CFR § 1910.95(b)(1). To determine when hearing conservation programs are necessary under the OSHA regulations the "employee noise exposures shall be computed ... without regard to any attenuation provided by the use of personal protective equipment." 29 CFR § 1910.95(c). Because the Act defines what is hazardous noise as that term is used in table G–16, and hazardous noise as used in that provision is defined as without the use of hearing protection devices, whether a person is exposed to long-term exposure to hazardous noise is to be measured without the use of hearing protection devices.[8]

■ Accordingly, because Claimant medically established a hearing loss caused

---

8. The same section of the OSHA regulations, 29 CFR § 1910.95, used by the Act to define hazardous noise, in separate subsections and appendices refer to the use and effectiveness of NRR and the calculation of noise attenuation. Also the OSHA regulations addressing the effectiveness of hearing protection devices note that "calculated attenuation values reflect realistic values only to the extent that the protectors are properly fitted and worn." *Appendix B to § 1910.95.*

by occupational noise, and Employer failed to establish that the claim was filed more than three years after his last exposure to hazardous noise, the order of the Board is affirmed.

## *O R D E R*

AND NOW, this 1st day of February, 2000, the Order of the Workers' Compensation Appeal Board dated September 10, 1999, No. A98–0684, is affirmed.