829 A.2d 1224 (2003)
CBS/WESTINGHOUSE and Constitution State Company, Petitioners,
v.
WORKERS' COMPENSATION APPEAL BOARD (Fontana), Respondent.
Commonwealth Court of Pennsylvania.
Submitted on Briefs June 6, 2003.
Decided August 8, 2003.
Francis A. Veltri, Pittsburgh, for petitioner.
Daniel K. Bricmont, Pittsburgh for respondent.
BEFORE: PELLEGRINI, Judge, COHN, Judge and JIULIANTE, Senior Judge.
JIULIANTE, Senior Judge.
CBS/Westinghouse Electric Corporation (Employer) petitions for review of the January 10, 2003 order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of the Workers' Compensation Judge (WCJ) granting a claim petition for hearing loss benefits filed on behalf of John Fontana (Claimant). Employer contends that the Board erred in determining that Claimant's claim petition was not barred by the three-year statute of limitations contained in Section 306(c)(8)(viii) of the Workers' Compensation Act (Act).[1] We affirm.
On February 23, 1999, Claimant filed a claim petition alleging that he sustained a greater than 10% binaural hearing loss as a result of long and continuous exposure to hazardous occupational noise. Employer filed a timely answer denying Claimant's *1225 material allegations. Claimant subsequently orally amended his date of injury to be February 28, 1996, his last day of work with Employer.
Before the WCJ, both parties presented extensive evidence, including expert medical testimony. In her decision and order circulated June 19, 2001, the WCJ concluded that Claimant established a 29.375% binaural hearing loss caused by continuous exposure to hazardous occupational noise while working for Employer.
In addition, Employer raised a statute of limitations defense. The WCJ, however, did not make any findings of fact or reach any conclusions of law on the issue of whether the three-year statute of limitations in Section 306(c)(8)(viii) barred Claimant's claim petition. Employer raised this issue, among others, on appeal to the Board.
In addressing this issue in its decision, the Board stated:
[Employer] next argues that the WCJ erred when [she] failed to look only at the three year time period proceeding the date of injury to determine hazardous noise exposure. [Employer] argues that because it proved that Claimant was not exposed to hazardous occupational noise within three years prior to his filing the Claim Petition, Claimant's Claim Petition is barred by the three-year statute of limitations. [Employer] further argues that the WCJ ignored the long-term aspect of [Employer's] affirmative defense.
Section 306(c)(8)(viii) of the Act provides that a claim for occupational hearing loss caused by long-term exposure to hazardous occupational noise shall be barred unless a petition is filed within three years after the date of last exposure to hazardous occupational noise in the employ of the employer against whom benefits are sought. 77 P.S. § 513[ (8)(viii) ].
Here, while we agree that [Flatley v. Workers' Compensation Appeal Board (Mallinckrodt Chem., Calsicat Div.), 803 A.2d 862 (Pa.Cmwlth.2002), appeal denied, ___ Pa.____, 820 A.2d 705 (2003) ], holds that the three years [sic] period prior to the date of filing is determinative, because the WCJ rejected [Employer's] evidence that Claimant was not exposed to hazardous occupational noise throughout his entire employment career, we reject [Employer's] argument that Claimant was not exposed to hazardous occupational noise in those three years or that Claimant's Claim Petition was filed outside the statute of limitations.
....
[Employer] next argues that the WCJ failed to address and make findings with regard to Claimant's work history from 1994 to February 28, 1996, and the fact [that] he was not exposed to long-term noise during the period of time he was off work.
Although we recognize that the WCJ did not make specific findings with regard to Claimant's period of time when he was off work, we do not find this to be in error. To be eligible for benefits, Claimant must have been exposed to long-term hazardous occupational noise within the three years of his date of last exposure. Flatley. Here, Claimant was last exposed on February 28, 1996, and so, exposure as of February 28, 1993, would have entitled him to benefits. Thus, the fact that Claimant was not working, and thus clearly not exposed to work related hazardous occupational noise, from March 14, 1994, to February 10, 1996, does not defeat his claim for benefits, given that he was exposed from February 28, 1993, through March 13, *1226 1994. Thus, we reject [Employer's] argument.
Board's Decision at 10, 12-13; R.R. 40a, 42a-43a (footnote omitted).
Having determined, inter alia, that Claimant's hearing loss claim was not barred by Section 306(c)(8)(viii) of the Act, the Board affirmed the WCJ's decision and denied Employer's request for a remand. Employer's appeal to this Court followed.[2]
Employer contends that the Board erred in determining that Claimant's claim petition was not barred by the three-year statute of limitations contained in Section 306(c)(8)(viii) of the Act.[3] Employer maintains that Section 306(c)(8)(x) of the Act, 53 P.S. § 513(8)(x), provides an employer with an affirmative defense if it can establish that the claimant has not been exposed to long-term hazardous occupational noise in that three-year period.[4]
In support of its position, Employer cites our decisions in Meadville Forging Co. v. Workers' Compensation Appeal Board (Artman), 747 A.2d 958 (Pa. Cmwlth.2000) and Flatley. In Artman, we stated that Section 306(c)(8)(x)

always makes it the employer's burden to establish that the noise that a claimant was exposed to was not hazardous occupational noise or that a claimant did not have long-term exposure to hazardous noise in any of the hearing loss provisions, including whether the claim was filed within three years of last exposure.

747 A.2d at 961 (emphasis added).
Employer asserts that in Flatley the Court applied its holding in Artman and concluded that in order for an employer to establish that the claimant's exposure to noise was not hazardous or not long-term, the relevant time period is three years previous to the date the claim petition was filed. However, what this Court precisely stated in Flatley was that
in order to determine whether [the employer] has met its burden of proving that [the claimant's] exposure to noise was not hazardous or not long-term, the relevant period of time is three years previous to the date the Claim Petition was filed, as [the claimant] is still working for [the employer.]

803 A.2d at 867 (footnote omitted, emphasis added).
Furthermore, in the footnote following the above-quoted language in Flatley, we stated:
We note that if [the claimant] no longer worked for [the employer], the relevant time period would be three years previous to [the claimant's] last day of exposure to occupational noise, which is normally the last day of employment. *1227 See [Section 306(c)(8)(ix) of the Act,] 77 P.S. § 513(c)(8)(ix).
Id. at 867 n. 5.
In the case sub judice, Claimant did not work from March 14, 1994 to February 10, 1996. He then returned to work for ten days and retired on February 28, 1996. Claimant then filed his claim petition on February 23, 1999.
Following footnote no. 5 in Flatley, the Board determined that in order for Claimant, who is no longer working for Employer, to be eligible for benefits, he must have been exposed to long-term hazardous occupational noise within three years of the date of his last date of exposure, i.e., his last date of employment, which was February 28, 1996. Specifically, the Board determined that his exposure to long-term hazardous occupational noise as of February 28, 1993 entitled Claimant to benefits. The Board concluded that even though Claimant was not exposed to work-related hazardous occupational noise from March 14, 1994 to February 10, 1996, that would not defeat his claim for benefits because he was exposed to such conditions from February 28, 1993 through March 13, 1994.[5]
Employer asserts that the Board erred in relying on footnote no. 5 in Flatley to distinguish between claimants who are still working and those who are no longer working at the time they file a hearing loss claim. Particularly, Employer maintains that to distinguish between claims in such a manner is prejudicial to the employer and undermines the purpose of a statute of limitations.
This Court disagrees. Section 306(c)(8)(ix) of the Act provides:
The date of injury for occupational hearing loss under subclause (i) of this clause shall be the earlier of the date on which the claim is filed or the last date of long-term exposure to hazardous occupational noise while in the employ of the employer against whom the claim is filed.
53 P.S. § 513(8)(ix) (emphasis added).
In accordance with Section 306(c)(8)(ix), we recognized in Flatley that the correct date of injury for purposes of hearing loss claims is the date of the claimant's last exposure to hazardous occupational noise. Consequently, the relevant three-year time period for a claimant who is still working begins to run from the date his claim is filed.
In contrast, where a claimant is no longer working, his date of injury would be that of his last exposure, which is normally his last date of employment. In the case at bar, we believe that the Board correctly interpreted Flatley to indicate that for purposes of Sections 306(c)(8)(viii) and (ix) of the Act, Claimant's date of injury was February 28, 1996, his last day of work with Employer. As a result, the Board did not err in determining that insomuch as Claimant was exposed to long-term hazardous occupational noise from February 28, 1993 through March 13, 1994, his claim petition was not barred by the statute of limitations. That period of time clearly exceeds the required exposure of three days per week for forty weeks needed to qualify as long-term exposure under Section 105.6 of the Act, 77 P.S. § 25.6
In view of the foregoing, the order of the Board is affirmed.

*1228 ORDER

AND NOW, this 8th day of August, 2003, the January 10, 2003 order of the Workers' Compensation Appeal Board is hereby AFFIRMED.
DISSENTING OPINION BY Judge COHN.
Respectfully, I dissent.
As the majority opinion correctly states, Claimant did not work for Employer from March 14, 1994 to February 10, 1996. He then returned to work at a new, light duty job for eight days and retired on February 28, 1996. He filed his claim petition on February 25, 1999. (Slip op. at 5.) Under Section 306(c)(8)(i), a claimant must only show that he or she was exposed to occupational noise while working for Employer during the three years preceding the claim, in order for the claim to be timely. Flatley v. Workers' Compensation Appeal Board (Mallinckrodt Chemical), 803 A.2d 862 (Pa.Cmwlth.2002), petition for allowance of appeal denied, ___ Pa.____, 820 A.2d 705 (2003). Under this test, Claimant must demonstrate that he was exposed to occupational noise during his last days of work for Employer.
In this case, however, the WCJ made no findings that Claimant was exposed to noise in the last eight days of his employment. While the Board appears to have made such a "finding" in its adjudication, the law has been well settled for three decades that the Board is powerless to do so. Universal Cyclops Steel Corporation v. Workmen's Compensation Appeal Board and Krawczynski, 9 Pa.Cmwlth. 176, 305 A.2d 757 (1973); Newcomer Products v. Workers' Compensation Appeal Board (Irvin), 826 A.2d 69 (Pa.Cmwlth. 2003). The question of whether a claimant was exposed to hazardous noise while at work is one of fact to be made by the WCJ. Newcomer, 826 A.2d at 73. Without any proper factual findings that Claimant was exposed to hazardous noise during that eight day period, there is, in my view, no basis to conclude that the claim petition at issue here was filed timely.
The record does reveal that such evidence was presented. Claimant stated that, during his last eight days of employment, he was exposed to noise similar to that which he was exposed to while working as a welder. (N.T. 13.) However, Employer's medical expert, Dr. Sidney M. Busis, who is a board-certified otolaryngologist, stated that working in a store room for eight days was not long-term exposure to hazardous noise. (Deposition of Dr. Busis, pp. 20, 25.) This conflicting evidence requires reconciliation and, thus, factual findings are required.
Accordingly, I would vacate the order of the Board and remand his matter for additional fact finding based on the present state of the record.
NOTES
[1] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 513(8)(viii).
[2] We are limited to determining whether the necessary findings of fact are supported by substantial evidence, whether errors of law were made, or whether constitutional rights were violated. Morris Painting, Inc. v. Workers' Compensation Appeal Board (Piotrowski), 814 A.2d 879 (Pa.Cmwlth.2003).
[3] Section 306(c)(8)(viii) provides: "Whenever an occupational hearing loss caused by long-term exposure to hazardous occupational noise is the basis for compensation or additional compensation, the claim shall be barred unless a petition is filed within three years after the date of last exposure to hazardous occupational noise in the employ of the employer against whom benefits are sought." 53 P.S. § 513(8)(viii).
[4] Section 105.6 of the Act, added by the Act of February 23, 1995, P.L. 1, defines "long-term exposure" as "exposure to noise exceeding the permissible daily exposure for at least three days each week for forty weeks of one year." 77 P.S. § 25.6.
[5] The Board noted that the WCJ rejected Employer's evidence that Claimant's exposure was neither "long-term" nor to "hazardous" noise. "The WCJ, as the ultimate factfinder, is the sole arbiter of the credibility and weight of the evidence." Rissi v. Workers' Compensation Appeal Board (Tony DePaul & Son), 808 A.2d 274, 278 (Pa.Cmwlth.2002). "We will not reweigh evidence or substitute our judgment for the credibility determination of the WCJ." Id. at 279.