**CITY OF SCRANTON, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (ROCHE), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 6, 2006.

Decided Nov. 2, 2006.

Thomas R. Nealon, Scranton, for petitioner.

Christina T. Novajosky, Scranton, for respondent.

BEFORE: PELLEGRINI, Judge, LEADBETTER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge PELLEGRINI.

The City of Scranton (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board) affirming the decision of the Workers' Compensation Judge (WCJ) granting Frank Roche's (Claimant) hearing loss benefits.

Claimant had worked for Employer's Police Department from 1957 until 1992 when he retired. On January 27, 2003, Claimant filed a claim petition with the Bureau of Workers' Compensation alleging that he sustained an occupational noise induced hearing loss while working for the Police Department, which he only discovered as of November 21, 2002. Employer filed an answer denying the allegations as well as alleging that the petition was time-barred because it was not filed within three years of his last exposure to occupational noise.

Before the WCJ, Claimant testified that in 1957, he joined the Police Department beginning as a patrolman and rising to the rank of Captain of Detectives when he retired in 1992. He testified that he was required to qualify with a firearm several times per year. Prior to 1978 or 1979, he testified that he had to qualify in an enclosed area that echoed when the bullets hit the lead background. After 1978 or 1979, Claimant stated that qualifying moved to an outdoor facility, and he wore hearing protection while firing but not while waiting to fire. He testified that afterwards his ears would ring for two or three days. When he was promoted to Lieutenant of Detectives, Claimant stated that he worked eight hours per day in an office over the fire department's mainte-

nance garage where a fire bell would ring loudly in his office, and he was exposed to the noise of the trucks being repaired. After his promotion to Captain of Detectives, Claimant testified that he was still exposed to the fire bell because his office was near the fire building as well as being exposed to eight months of construction renovations that included noises from drills and jackhammers. He testified that he began having hearing problems in 1985, but was not aware that they were work-related until 2002 when Mark Frattali, M.D. (Dr. Frattali) examined him. He also stated that he now worked as a private investigator and had not fired a firearm since the summer of 1992.

In support of Claimant's claim petition, Dr. Frattali, board certified in Otolaryngology and Head and Neck Surgery, testified that he examined Claimant on November 21, 2002, and performed an audiogram that showed sloping high frequency sensorineural hearing loss. Based on the audiogram, he opined that Claimant suffered a 34.4% binaural impairment, with his left ear slightly worse than the right, and further stated that Claimant's hearing loss was attributed to noise exposure while working for Employer. Dr. Frattali testified that but for Claimant's exposure to gunfire and construction noises, his hearing would not be 34.4% at 68 years old. He agreed that any progression in Claimant's hearing loss after retiring was not related to any occupational noise exposure, explaining that hearing loss progressed as people aged. Dr. Frattali then testified that Claimant's hearing loss was accelerated on the average of 15 to 40 decibels above that expected of a person his age. He also admitted that a hearing loss in the lower frequencies would not be due to noise exposure.

In opposition, Employer offered the medical testimony of Alan Miller, M.D. (Dr. Miller), a board certified Otolaryngologist, who testified that he examined Claimant on June 2, 2003, and performed an audiogram which revealed symmetrical neurosensory hearing loss. Dr. Miller testified that he diagnosed Claimant with 26.6% binaural impairment, but opined that the slope of Claimant's hearing loss on the audiogram was not consistent with noise-induced hearing loss, and that there had to be other etiologies for this loss. Dr. Miller opined that Claimant's hearing loss was caused by a combination of noise exposure based on his history and aging, but did not know what percentage of hearing loss was attributed to each.

Finding the testimonies of Dr. Frattali and Claimant credible and convincing and that the audiograms supported that Claimant sustained an occupational hearing loss, the WCJ granted Claimant's petition. Employer appealed, and the Board vacated and remanded for the WCJ to reconcile discrepancies and address whether Claimant's petition was time-barred. On remand, the WCJ found Claimant's petition was not time-barred because he had given Employer timely notice of his occupational-induced hearing loss once he discovered it in 2002 and believed his hearing loss was work-related. Employer again appealed, and the Board, relying on our decision in *Kormos v. Workers' Compensation Appeal Board (Van Air Systems, Inc.)*, 763 A.2d 570 (Pa.Cmwlth.2000), affirmed, and this appeal followed.[1]

---

1. Our scope of review in a workers' compensation appeal is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Cmwlth.436, 550 A.2d 1364 (1988).

On appeal, the central issue is whether a claim for hearing loss due to repetitive trauma must be filed within three years of the last date of exposure or within three years of the date a claimant discovered his or her hearing loss was work-related.

As part of a change in approach to compensation for occupational hearing loss, the General Assembly enacted Act 1 of 1995 (Act 1), Act of February 23, 1995, P.L. 1. Regarding when an action has to be brought for hearing loss caused by long-term exposure to occupational noise, Act 1 added Section 306(c)(8)(viii) of the Workers Compensation Act,[2] which provides:

> Whenever an occupational hearing loss caused by long-term exposure to hazardous occupational noise is the basis for compensation or additional compensation, the claim shall be barred unless a petition is filed **within three years after the date of last exposure** to hazardous occupational noise in the employ of the employer against whom benefits are sought.

77 P.S. § 513(8) (viii). (Emphasis added.)

Prior to the enactment of this section in 1995, the time for bringing an action began to run on the date that a claimant knew or should have known that his or her hearing loss was severe enough to be compensable, and that the loss was work-related. *Westinghouse Electric Corp. v. Workmen's Compensation Appeal Board (Peterson)*, 164 Pa.Cmwlth. 32, 641 A.2d 1277 (1994). Absent evidence that the claimant knew or should have known that he or she had a hearing loss which was significant enough to be compensable, and that the loss was caused by his or her employment, the time period did not begin to run simply because the claimant had an indication that he or she may be experiencing a work-related

loss of hearing. *Id.*; *Boeing Helicopter Company v. Workmen's Compensation Appeal Board (McCanney)*, 157 Pa. Cmwlth. 76, 629 A.2d 184 (1993). If there was no evidence to establish that the claimant already knew that he or she had suffered a complete loss of hearing and that it was work-related, then the deciding factor for determining the date of injury was when the claimant was advised by a doctor of a complete hearing loss for all practical intents and purposes and that it is work-related, not when the complete hearing loss might have occurred. *Id.*

Notwithstanding the language in Section 306(c)(8)(viii) that a claim must be filed within three years of the last exposure, echoing the Board's reasoning, Claimant contends that in *Kormos*, we, nonetheless, held that the time period for bringing a claim is not triggered until a claimant "discovers" that the hearing loss is work-related. While we held in *Kormos* that the time period did not begin to run until the hearing loss was discovered, that holding did not involve long-term exposure to occupational noise, but a claim for hearing loss to the claimant's left ear due to acoustic trauma arising from a single event that occurred in 1987—a co-worker striking an iron vessel with a sledgehammer. We held that the discovery rule still applied to those claims because Section 306(c)(8)(viii) only applied to occupational hearing loss due to long-term exposure to hazardous noise.

Regarding hearing loss resulting from occupational exposure to occupational noise, we have consistently held since the enactment of Act 1 that the discovery rule is no longer applicable to those types of claims. In *School District of Philadelphia v. Workers' Compensation Appeal Board*

---

**2.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.1, 2501–2626.

*(Hennegan)*, 751 A.2d 729, 731 (Pa. Cmwlth.2000), we stated that:

> [F]or statute of limitations purposes the last date of exposure to hazardous occupational noise begins the three-year period in which a claimant must file his claim petition in order to be timely. Claimant's and the Board's reliance on [*Anastasio v. Workmen's Compensation Appeal Board (NGK Metals Corporation)*, 713 A.2d 116 (Pa.Cmwlth.1997) and *Sellari v. Workmen's Compensation Appeal Board (NGK Metals Corporation)*, 698 A.2d 1372 (Pa.Cmwlth.1997)] is misplaced. In both of those cases, Act 1 was not applicable and, therefore, the date on which a claimant learned of the relationship between his hearing loss and his work environment was the operative date for statute of limitation purposes. That concept is no longer controlling in cases that arise under Act 1. *See also Anchor Glass Container Corp. v. Workers' Compensation Appeal Board (Temechko)*, 752 A.2d 448 (Pa. Cmwlth.2000).

In *CBS/Westinghouse v. Workers' Compensation Appeal Board (Fontana)*, 829 A.2d 1224 (Pa.Cmwlth.2003), we explained when the time period for filing a claim for long-term exposure to hazardous occupation noise began to run for an employee who was still employed, stating:

> Section 306(c)(8)(ix) of the Act provides:
>
> > The date of injury for occupational hearing loss under subclause (i) of this clause shall be the *earlier of the date* on which the claim is filed or the last date of long-term exposure to hazardous occupational noise while in the employ of the employer against whom the claim is filed.

53 [77] P.S. § 513(8)(ix). (Emphasis added.)

> In accordance with Section 306(c)(8)(ix), we recognized in [*Flatley v. Workers' Compensation Appeal Board (Mallinckrodt Chemical, Calsicat Div.)*, 803 A.2d 862 (Pa.Cmwlth.2002)] that the correct *date of injury* for purposes of hearing loss claims is the date of the claimant's last exposure to hazardous occupational noise. Consequently, the relevant three-year time period for a claimant who is still working begins to run from the date his claim is filed.
>
> In contrast, where a claimant is no longer working, his date of injury would be that of his last exposure, which is normally his last date of employment. In the case at bar, we believe that the Board correctly interpreted *Flatley* to indicate that for purposes of Sections 306(c)(8)(viii) and (ix) of the Act, Claimant's date of injury was ... his last day of work with Employer.

*CBS/Westinghouse*, 829 A.2d at 1227.

Finally and most recently, in *McIlnay v. Workers' Compensation Appeal Board (Standard Steel)*, 870 A.2d 395 (Pa. Cmwlth.), *petition for allowance of appeal denied*, 584 Pa. 711, 885 A.2d 44 (2005), we explained that since the passage of Act 1, the "discovery rule" under Section 315 of the Workers' Compensation Act, 77 P.S. § 602,[3] was no longer applicable to hearing loss cases.

In this case, because Claimant did not file a claim petition until January 27, 2003, 10 years after he was last exposed to hazardous occupational noise, well beyond the three-year period in which to bring a claim, the Board erred in affirming the

---

**3.** 77 P.S. § 602 provides that a claimant's petition is barred unless filed within three years after he or she sustains an injury, and this period does not begin to run until a claimant discovers that his or her injury is work-related.

WCJ's decision that Claimant's petition was not time-barred. Accordingly, the order of the Board is reversed.[4]

### *ORDER*

AND NOW, this 2nd day of November, 2006, the order of the Workers' Compensa-tion Appeal Board, dated June 5, 2006, at No. A05–1144, is reversed.

4. Employer also contends that there was no substantial, competent evidence in the record to indicate that Claimant developed a compensable loss of hearing as a result of an alleged exposure to hazardous occupational noise. Because we found that Claimant's petition was time-barred, we need not address this issue.