IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pocono Mountain School District,      :
                             Petitioner      :
                                        :
           v.                       :
                                        :
Jeffrey Kojeszewski (Workers'      :
Compensation Appeal Board),      :    No. 1002 C.D. 2021
                        Respondent      :    Submitted: February 4, 2022


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge
                  HONORABLE LORI A. DUMAS, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON          FILED: April 21, 2022


       Before the Court is a petition (Petition for Review) by Pocono Mountain School District (Employer) seeking review of the August 18, 2021 order of the Workers' Compensation Appeal Board (Board). The Board affirmed the decision of Workers' Compensation Judge Alan Harris (WCJ Harris) granting review and reinstatement petitions filed by Jeffrey Kojeszewski (Claimant) and denying Employer's termination petition. For the reasons set forth below, the Board's order is affirmed.


**I. Background**

       Claimant sustained a work-related injury on July 5, 2016, when he slipped and fell while applying polyurethane to a gymnasium floor. Reproduced

Record (RR) at 263a. By decision dated January 2, 2018 (WCJ Pletcher Decision), Workers' Compensation Judge Eric Pletcher (WCJ Pletcher) granted Claimant's claim petition and recognized work-related injuries in the nature of a "left wrist and elbow strain and sprain and contusion, bruising of the left wrist, and left post[-]traumatic carpal tunnel syndrome." *Id.* WCJ Pletcher also suspended Claimant's benefits as of August 29, 2016, when Claimant returned to his pre-injury position with no loss of wages. *Id.*

In June 2019, Claimant filed a review petition seeking to add left brachial plexopathy to the description of his injuries, as well as a reinstatement petition seeking wage loss benefits as of June 26, 2018. RR at 263a. On September 25, 2019, Employer filed a termination petition alleging that Claimant had fully recovered from his work injuries as of September 12, 2019. *Id.* The matters were assigned to WCJ Harris for disposition.

Claimant testified before WCJ Harris in July 2019, describing his original work injury and how he landed on his left arm and shoulder when he fell to the floor. RR at 263a. Claimant testified that following this accident, he experienced pain radiating from his shoulder down into his hand and that such symptoms have remained unchanged since the date of the injury. *Id.* Claimant averred that he was still experiencing radiating pain from the left side of his neck and down his left arm, with frequent numbness in the outer aspect of his left hand and arm, for which he is treating with Dr. Jay Talsania (Dr. Talsania). *Id.* Following six weeks of physical therapy, Dr. Talsania prescribed Claimant medical marijuana to help ease his pain and provide relaxation so that he can sleep at night. *Id.* Claimant indicated that he continued working for Employer after the work injury. *Id.*

2

Claimant stated that during the school year, he works as a non-teaching assistant for Employer, assisting teachers with the supervision of students, and that he has no restrictions while performing this job. RR at 263a. He indicated that he was able to work the custodian position over the summer of 2018, but not the summer of 2019, because the position required that he be able to lift 100 pounds and Dr. Talsania has since imposed a restriction of no lifting over 20 pounds with his left arm. *Id.* Claimant testified that he was out of work as of June 13, 2019. *Id.* On cross-examination, Claimant acknowledged that his updated 2019 restrictions related to his alleged left brachial problem and that his treatment since June of 2018 has been related to that problem. *Id.* at 264a. Claimant returned to his non-teaching position during the 2018-2019 school year. *Id.*

During testimony at a hearing in January 2020, Claimant testified that he returned to work for Employer as a custodian on July 18, 2019, but with restrictions. RR at 264a. Claimant stated that he continued to treat with Dr. Talsania every six months. *Id.* Claimant acknowledged that for many years prior to his work injuries, he suffered from, and was treated for, psoriatic arthritis, which included pain in his neck and lower back. *Id.* Claimant also confirmed that such pain increased in late 2018 and early 2019. *Id.*

Following this testimony, Claimant and Employer entered into a stipulation of fact as to Claimant's earnings during the relevant periods of the litigation, which indicated that Claimant received four weeks of disability benefits from June 17 through July 14, 2019, that Claimant returned to work thereafter, and that Claimant would not be entitled to disability benefits for the 2018-2019 and 2019-2020 school years. RR at 264a.

3

Claimant submitted the deposition testimony of Dr. Talsania, a board-certified orthopedic surgeon with additional certification in hand surgery, who first saw Claimant in May of 2018. RR at 264a. Dr. Talsania testified that his examination revealed a positive test for left brachial plexus irritation and a mild subluxation of the ulnar nerve on the left, which were confirmed by a subsequent nerve test. *Id.* Dr. Talsania restricted Claimant from any overhead work and from lifting more than 20 pounds. *Id.* at 265a. Dr. Talsania later recommended H-wave therapy[1] and medical marijuana to help ease Claimant's pain. *Id.* He noted that Claimant's complaints of left arm pain and numbness remained consistent throughout his treatment. *Id.* He opined that Claimant suffered from left brachial plexopathy, for which he noted a delay in diagnosis was not uncommon, left ulnar neuritis, a capitate contusion, and resolved left wrist sprain and elbow pain. *Id.* Dr. Talsania related these diagnoses to Claimant's fall on July 5, 2016. *Id.* Dr. Talsania disagreed with the findings of Dr. Richard Mandel (Dr. Mandel), who performed an independent medical examination (IME) of Claimant at the request of Employer and noted no brachial plexus injury. *Id.*

Employer presented the deposition testimony of Dr. Mandel, who performed an IME of Claimant on September 12, 2019. RR at 265a. Dr. Mandel testified that certain tests conducted during his examination of Claimant were positive for a possible brachial plexus problem, but that the diagnosis could not be confirmed because Claimant's responses related to subjective tests. *Id.* Dr. Mandel opined that Claimant had fully recovered from his left wrist and elbow strain and sprain, the bruise of the left wrist, and post-traumatic left carpal tunnel syndrome,

---

[1] "H-Wave is a multi-functional electrical stimulation device intended to speed recovery, restore function, and manage chronic, acute or post-operative pain." *What Is H-Wave®?* Available online at https://www.h-wave.com/ (last visited Apr. 20, 2022).

4

and that Claimant did not sustain a left brachial plexus injury as a result of the fall at work. *Id.* at 265a-66a. Dr. Mandel opined that, at most, Claimant sustained ulnar nerve irritation as a result of the fall, for which he imposed restrictions. *Id.* at 266a. On cross-examination, Dr. Mandel agreed that Claimant showed no gross signs of symptom magnification, that there were clinical findings consistent with bilateral subluxation of the ulnar nerves resulting in ulnar nerve irritation, and that the same was related to Claimant's work injury. *Id.*

WCJ Harris ultimately granted Claimant's review and reinstatement petitions and denied Employer's termination petition. WCJ Harris accepted the testimony of Claimant as credible and found Dr. Talsania to be more credible than Dr. Mandel, noting that their physical findings on examination were similar. RR at 266a. WCJ Harris further found that Claimant's work injuries should be amended to include left brachial plexopathy and left ulnar neuritis, and that Claimant has never at any time been fully recovered from his work injuries. *Id.* WCJ Harris approved the stipulation of the parties, which reflected Claimant's different periods of wage loss resulting from his work injuries, and found the amount of such wage loss described therein to be payable to Claimant. *Id.* Finally, WCJ Harris awarded Claimant litigation costs in the amount of $5,547.49. *Id.*

Employer appealed to the Board, which affirmed the decision and order of WCJ Harris. The Board rejected an argument from Employer that any finding of a left ulnar nerve injury was barred by *res judicata* or collateral estoppel because WCJ Pletcher had rejected the opinion of Dr. Randall Culp (Dr. Culp) that Claimant's symptoms were the result of an injury to Claimant's left ulnar nerve.[2] RR at 285a. As the Board explained, Dr. Culp opined that Claimant had a subluxable

_____

[2] It appears that Dr. Culp performed an IME of Claimant on April 13, 2017 and testified on behalf of Employer before WCJ Pletcher. RR at 251a-52a.

5

ulnar nerve[3] at both elbows, which was a congenital problem; Dr. Culp did not opine as to a work-related ulnar nerve condition. *Id.* at 286a. Therefore, the Board concluded that the ulnar nerve issue was not litigated previously or essential to the original decision, so *res judicata* and collateral estoppel did not apply. *Id.*

The Board also rejected Employer's argument that Claimant's description of his fall at work was contrary to his previous testimony before WCJ Pletcher, noting that WCJ Harris was aware of the prior decision and that Employer was essentially attempting to challenge WCJ Harris's credibility determination with respect to Claimant's testimony. RR at 286a. Further, the Board rejected Employer's argument that WCJ Harris erred in failing to grant its termination petition. *Id.* In this regard, the Board rejected Employer's premise that the addition of left brachial plexopathy and left ulnar neuritis was in error. *Id.* Finally, because Claimant was successful before WCJ Harris and the Board affirmed that decision, the Board rejected Employer's argument that WCJ Harris erred in awarding litigation costs. *Id.* at 287a.

Employer then filed its Petition for Review with this Court.[4]

---

[3]      Ulnar nerve subluxation is a condition where the ulnar nerve slides back and forth from its normal position behind the medial epicondyle (the bony prominence on the inside of the elbow) to in front of it. Snapping of the nerve with motion of the arm is uncomfortable along the inside of the elbow and forearm. It often causes numbness and tingling that radiates into the fourth and fifth fingers. . . .

Dr. David Geier, *Ulnar Nerve Subluxation*, https://www.drdavidgeier.com/ask-dr-geier-ulnar-nerve-subluxation/#:~:text=Ulnar%20nerve%20subluxation%20is%20a%20condition%20where%20th e,along%20the%20inside%20of%20the%20elbow%20and%20forearm (last visited Apr. 20, 2022).

[4] Our scope of review in a workers' compensation appeal is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *City of Scranton v. Workers' Comp. Appeal Bd. (Roche)*, 909 A.2d 485 (Pa. Cmwlth. 2006).

## II. Issues

In its Petition for Review, Employer argues that the Board erred in affirming the decision and order of WCJ Harris granting Claimant's review and reinstatement petitions, because the opinion of Dr. Talsania was contrary to facts previously found by WCJ Pletcher. Petition for Review ¶ 9(a). Employer also asserts that the Board erred in affirming the decision and order of WCJ Harris denying its termination petition with respect to the work-related injuries for which benefits were previously awarded, because the medical evidence established that Claimant was fully recovered from those injuries. *Id.*, ¶ 9(b). Employer further contends that because the Board erred as set forth above, Claimant was not entitled to litigation costs. *Id.*, ¶9(c).

## III. Discussion

### A. *Res Judicata* and Collateral Estoppel

In its first argument, Employer challenges the testimony of Dr. Talsania that Claimant's work accident caused left ulnar neuritis, which WCJ Harris specifically found to be credible and which, together with the credible testimony of Claimant, supported the grant of Claimant's review and reinstatement petitions. Employer points to a finding of fact by WCJ Harris that "[WCJ] Pletcher specifically rejected the opinion of Dr. [] Culp that Claimant's symptoms were due to an injury to the left ulnar nerve . . . ." RR at 263a. Employer contends WCJ Harris could not credit evidence that directly contradicted a previous finding of fact by WCJ Pletcher.

The Board addressed and rejected Employer's argument that the testimony of Dr. Talsania was contrary to facts previously found by WCJ Pletcher. The Board explained:

7

[Employer] contends that although both Dr. Talsania and Dr. Mandel opined that Claimant sustained a work-related left ulnar nerve injury when he fell in July 2016, Claimant's [r]eview [p]etition to add a left ulnar nerve injury is barred because WCJ Pletcher rejected Dr. Culp's opinion that Claimant's symptoms were the result of an injury to his left ulnar nerve. The doctrines of *res judicata* and collateral estoppel foreclose relitigation of an issue of fact or law which was litigated and necessary to the original judgment . . . . According to WCJ[] Pletcher's Decision, what Dr. Culp opined that was that Claimant had a subluxable ulnar nerve at both elbows which was a congenital problem. He did not, from our review of WCJ Pletcher's Decision, opine as to a work-related ulnar nerve condition. Further, WCJ Pletcher specifically rejected [Dr. Culp's] testimony that Claimant sustained only a work-related wrist contusion and contusion of the elbow and had fully recovered. There is no indication that the issue litigated here was litigated previously and essential to the original judgement or was, as [Employer] contends, contrary to WCJ[] Pletcher's determination.

RR at 285a-86a (citing *Weney v. Workers' Comp. Appeal Bd. (Mac Sprinkler Sys., Inc.)*, 960 A.2d 949, 953-55 (Pa. Cmwlth. 2008); *Henion v. Workers' Comp. Appeal Bd. (Firpo & Sons, Inc.)*, 776 A.2d 362, 365-67 (Pa. Cmwlth. 2001)). We agree.

Previously, in the litigation of the claim petition before WCJ Pletcher, Claimant's treating physician, Dr. William Prebola (Dr. Prebola), testified that Claimant's 2016 work injuries included "left wrist and elbow sprain/strain contusion, bruising of the left wrist and post-traumatic carpal tunnel syndrome." RR at 251a. Employer's medical expert, Dr. Culp, agreed that Claimant sustained a work-related wrist contusion or a sprain and strain and contusion of the elbow. *Id.* at 252a. Dr. Culp further opined that Claimant was suffering from a subluxable ulnar nerve in both elbows which was congenital. *Id.* at 251a-52a. WCJ Pletcher found

8

Dr. Culp's testimony not credible and rejected it to the extent that it was inconsistent with Dr. Prebola's testimony. *Id.* at 253a.

Subsequently, in connection with Claimant's review petition, his treating physician, Dr. Talsania, testified that he diagnosed Claimant's medical conditions as including mild ulnar nerve subluxation and left ulnar neuritis, both of which he connected with Claimant's fall in 2016. RR at 264a-65a. Employer's medical expert, Dr. Mandel, opined that Claimant suffered from an ulnar nerve irritation. RR at 265a.

The judicial doctrine of *res judicata* "bars actions on a claim, or any part of a claim, which was the subject of a prior action, or could have been raised in that action." *Appeal of Coatesville Area Sch. Dist.*, 244 A.3d 373, 378 (Pa. 2021). For the bar of *res judicata* to apply, both actions must have "an identity of issues, an identity of causes of action, identity of persons and parties to the action, and identity of the quality or capacity of the parties suing or being sued." *Id.* at 379 (citations and internal quotation marks omitted). Here, there was not an identity of issues between the claim and review petitions. In the claim petition, Claimant alleged different injuries from those he sought to add by means of the review petition filed in light of subsequent medical developments. Therefore, *res judicata* does not apply.

Collateral estoppel bars re-litigation of an issue decided in a prior action. *Coatesville Area Sch. Dist.*, 244 A.3d at 379. Collateral estoppel may be applied only if both cases involve the same issue, the prior action was litigated to a final judgment on the merits, the party to be estopped was a party or was in privity with a party to the prior action and had a full and fair opportunity to litigate the issue in the prior action, and "resolution of the issue in the prior proceeding was essential to the judgment." *Id.* Here, ulnar nerve subluxation was not raised as an issue in the

9

claim petition. Accordingly, it cannot be said that Claimant had a full and fair opportunity to litigate that issue, and similarly, it was not essential to the judgment. Therefore, collateral estoppel is inapplicable.

### B. Claimant's Recovery from Previously Recognized Injuries

As Employer correctly observes, the uncontradicted evidence indicated that Claimant had fully recovered from the injuries recognized in the WCJ Pletcher Decision. Employer asserts that in light of that recovery, WCJ Harris erred in denying the termination petition. We disagree. As discussed in the previous section, this Court concludes that the Board properly affirmed WCJ Harris's determination adding left brachial plexopathy to Claimant's description of his work-related injuries and finding that Claimant continues to be disabled from those injuries.

A partial grant of a termination petition is improper, as a termination requires that *all* disability has ceased. *See Mitoulis v. Workers' Comp. Appeal Bd. (Sunrise Senior Living Mgmt., Inc.)* (Pa. Cmwlth., No. 991 C.D. 2018, filed Apr. 27, 2020)[5] (citing *Lewis v. Workers' Comp. Appeal Bd. (Giles & Ransome, Inc.)*, 919 A.2d 922, 926 (Pa. 2007); *Daniels v. Workers' Comp. Appeal Bd. (Tristate Transp.)*, 753 A.2d 293, 297 (Pa. Cmwlth. 2000)). Accordingly, in light of Claimant's ongoing disability relating to left brachial plexopathy, this Court affirms the denial of Employer's termination petition based on Claimant's purported recovery from his previously recognized injuries.

---

[5] Section 414(a) of this Court's Internal Operating Procedures provides that an unreported panel decision issued after January 15, 2008, may be cited for its persuasive value, but not as binding precedent. 210 Pa. Code § 69.414(a).

## C. Award of Costs

Finally, Employer asserts that because the Board erred in granting the review petition and in denying Employer's termination petition, there was no basis for an award of litigation costs against Employer. This argument lacks merit.

A workers' compensation claimant who succeeds "in whole or in part" in a contested case is entitled to an award of reasonable litigation costs pursuant to Section 440(a) of the Workers' Compensation Act.[6] 77 P.S. § 996(a).

Because we affirm the Board's conclusions on the merits, we discern no error in the award of costs.

## IV. Conclusion

Based on the foregoing discussion, the order of the Board is affirmed.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[6] Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of February 8, 1972, P.L. 25, 77 P.S. §§ 1-1041.4, 2501-2710.

11

Pocono Mountain School District,    :
            Petitioner    :
                         :
       v.                 :
                         :
Jeffrey Kojeszewski (Workers'    :
Compensation Appeal Board),    :    No. 1002 C.D. 2021
            Respondent    :

## O R D E R

AND NOW, this 21st day of April, 2022, the August 18, 2021 order of the Workers' Compensation Appeal Board is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge